LARRY M. LYNCH *v.* BENJAMIN A. MUZIO,
COMMISSIONER OF MOTOR VEHICLES
(4496)

DUPONT, C. J., HULL and SPALLONE, Js.

Submitted on briefs May 5—decision released June 17, 1986

*Samuel B. Feldman* filed a brief for the appellant (plaintiff).

*Joseph I. Lieberman,* attorney general, and *Peter E. Weise,* assistant attorney general, filed a brief for the appellee (defendant).

SPALLONE, J. The plaintiff is appealing from the judgment of the trial court dismissing his appeal from the suspension of his motor vehicle operator's license by the defendant, the commissioner of motor vehicles (commissioner).

After a hearing held pursuant to General Statutes § 14-111 (c), the commissioner made findings of fact and reached conclusions of law substantially as follows. On October 24, 1983, at about 5:15 p.m., the plaintiff, Larry M. Lynch, was operating a 1980 Buick, registration plate number C-94350, in a southerly direction on Birdseye Road in Farmington. He was operating the vehicle in an erratic manner in that the vehicle was weaving between the northbound and southbound lanes of Birdseye Road. At one point, the plaintiff's vehicle turned sharply to the right and struck Christopher Bakaj who was operating a bicycle off of the traveled portion of Birdseye Road. Bakaj died as a result of the injuries he sustained.

Subsequently, the plaintiff appeared in the Superior Court and pleaded no contest to a charge of reckless driving as to this occurrence. He was found guilty.

The commissioner concluded that the plaintiff did cause or contribute to the death of Bakaj in that he (1) was driving recklessly, (2) failed to keep his vehi-

cle under proper control, (3) failed to keep a proper lookout, and (4) evaded responsibility. On the basis of those findings of fact and conclusions of law, the commissioner ordered the suspension of the plaintiff's license for a period of thirty months. The plaintiff, on or about March 25, 1985, received notice of his license suspension. Subsequently, on April 8, 1985, the plaintiff received notice that the effective date of his suspension would be April 20, 1985, and that he was to turn in his license to the commissioner on or before that date.

The plaintiff appealed to the Superior Court from the commissioner's decision. In response to the commissioner's motion to dismiss the appeal because the plaintiff failed to invoke the jurisdiction of the court by not serving a copy of the appeal on the commissioner within thirty days after the commissioner mailed notice of its decision to the plaintiff, the trial court made the following findings. The commissioner mailed the notice of its decision on March 22, 1985, and the plaintiff served a copy of his appeal on the commissioner on April 30, 1985. On the basis of these findings, the court concluded that the plaintiff did not comply with the time requirement of General Statutes § 4-183 (b). The court concluded that it lacked jurisdiction to hear the appeal and, therefore, granted the commissioner's motion to dismiss the appeal.

The plaintiff concedes that a copy of his appeal was not served on the commissioner within thirty days of the date he received notice of the decision. He contends, however, that the time period should not be measured from his receipt of notice of the decision after the hearing, but should be measured from the time the plaintiff received notice of the effective date of his suspension, which notice was received by the plaintiff on April 8, 1985. It is undisputed that the plaintiff served a copy of his appeal on the commissioner on

April 20, 1985, thirty-nine days after the March 22, 1985 notice but twenty-two days after receiving the notice of the effective date of his suspension.

The sole question before us is whether the trial court erred in concluding that the time within which the plaintiff should have perfected his appeal was thirty days from the March 22, 1985 notice of decision. We hold that the trial court acted properly in holding that the thirty day appeal period commenced on March 22, 1985, the date that the commissioner's findings of fact, conclusions of law and the order of suspension were mailed to the plaintiff.

It is a well established principle of law that statutory appeals may be maintained only if they conform strictly to the statutory requirements. Less than strict compliance with the precise statutory requirements will fail to invoke the jurisdiction of the court. *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 201, 440 A.2d 286 (1982); *In re Nunez,* 165 Conn. 435, 441, 334 A.2d 898 (1973); *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393 (1972); *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, 451, 208 A.2d 337 (1965); 4 Am. Jur. 2d, Appeal and Error § 4.

In this case, the administrative hearing was held pursuant to General Statutes § 14-111 (c)[1] to determine

[1] General Statutes § 14-111 (c) provides: "The commissioner shall not suspend the license of any operator concerned in any motor vehicle accident resulting in the death of any person solely because such death has occurred, unless the facts as ascertained by the commissioner, after a hearing, indicate responsibility on the part of such operator for such accident, and, if, after such hearing, the commissioner finds that such operator has caused or contributed to such death through the violation of any provision of this chapter or of chapter 248 or through negligence or carelessness, such suspension shall be for not less than one year. A motor vehicle parked in a manner permitted by law shall not be deemed to be concerned in such accident."

whether the plaintiff caused or contributed to the death of the victim and, if so, what appropriate order should enter as a penalty.

General Statutes § 4-183 sets forth specific mandatory steps which must be followed by the plaintiff in order to perfect his appeal and invoke the jurisdiction of the Superior Court. A copy of the appeal must be served upon the agency within thirty days after notice of the agency's "final decision" is mailed.

The plaintiff argues that the final decision does not occur until the plaintiff is notified of the effective date of his license suspension. The commissioner counters, asserting that the final decision is the notice sent to the plaintiff, which contains the commissioner's findings of fact, conclusions of law and the order of suspension. We agree with the commissioner's interpretation which the trial court adopted when it granted the motion to dismiss.

The commissioner's notice of decision of March 22, 1985, contains all the information necessary for the plaintiff to form an opinion of whether or not to appeal. This notice is sent after the commissioner performs its adjudicative function. Any errors of procedure or substance become apparent at this time and are subject to the plaintiff's analysis. The further notice of the effective date of the license suspension is purely administrative and merely serves to give efficacy to the findings, conclusions and orders of the commissioner contained in his notice of decision. Our Supreme Court has stated that "[i]t is not essential that a notice of decision expressly state every consideration that might be relevant to any party who might want to appeal the board's decision. It is only necessary to provide notice adequate to ensure a reasonable opportunity within the applicable time constraints to obtain the information to form an opinion whether or not to appeal." *Bridge-*

*port Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals,* 195 Conn. 276, 282, 487 A.2d 559 (1985). We hold that the trial court correctly applied the law when, by its dismissal, it concluded that the thirty day period ran from the mailing of the defendant's notice of decision. The court's decision is supported by *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals,* supra. Here, as in that case, all the information necessary for the plaintiff to form a reasoned and intelligent opinion as to whether or not to appeal was encompassed within the notice of decision.

The separation of the adjudicative process from the administrative process is not an unknown procedure in this state, particularly in the area of motor vehicle violations. For example, convictions of driving under the influence of intoxicating liquor, result, without further hearing, in the suspension of drivers' licenses. See General Statutes § 14-227a (h) and (j).

The decision of the trial court is a rational and logical response to the facts and circumstances present in this case and is in accordance with the law.

There is no error.

In this opinion the other judges concurred.