### Larry M. Lynch v. Benjamin A. Muzio, Commissioner of Motor Vehicles (13001)

Peters, C. J., Healey, Shea, Callahan and Mulcahy, Js.

Argued April 7—decision released June 9, 1987

*Richard E. Greenspan,* for the appellant (plaintiff).

*Peter E. Wiese,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

SHEA, J. The plaintiff, Larry M. Lynch, has appealed from a judgment of the Appellate Court upholding the trial court's dismissal of his appeal from the suspension of his driver's license by the defendant commissioner of motor vehicles (commissioner) pursuant to General Statutes § 14-111 (c).[1] *Lynch* v. *Muzio*, 7 Conn. App. 748, 510 A.2d 459 (1986). The ground for this dismissal for lack of jurisdiction, relied upon by the trial court and approved by the Appellate Court, was the failure of the plaintiff to perfect his appeal by serving the commissioner with a copy of the appeal petition, as required by General Statutes § 4-183 (b)[2] of the Uniform Administrative Procedure Act (UAPA), within thirty days after the mailing of the "notice of the final decision of the agency." The principal issue raised is whether the copy of the decision of the administrative

[1] General Statutes § 14-111 (c) provides: "SUSPENSION OF LICENSE AFTER FATAL ACCIDENT. The commissioner shall not suspend the license of any operator concerned in any motor vehicle accident resulting in the death of any person solely because such death has occurred, unless the facts as ascertained by the commissioner, after a hearing, indicate responsibility on the part of such operator for such accident, and, if, after such hearing, the commissioner finds that such operator has caused or contributed to such death through the violation of any provision of this chapter or of chapter 248 or through negligence or carelessness, such suspension shall be for not less than one year. A motor vehicle parked in a manner permitted by law shall not be deemed to be concerned in such accident."

[2] General Statutes § 4-183 (b) provides: "Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."

hearing officer ordering the license suspension, which was mailed to the plaintiff's attorney more than thirty days before the appeal was served, constituted the "notice of the final decision of the agency." We conclude, under the unique circumstances of this case, that the agency never intended the copy of the decision of the hearing officer to constitute the statutory notice of its final decision and that the plaintiff was justified in assuming a second communication received later was the notice specified by § 4-183 (b). Accordingly, we reverse the judgment of the Appellate Court.

The facts pertinent to our decision are not disputed. On November 15, 1984, an administrative hearing was conducted by an adjudicator for the department of motor vehicles to determine, in accordance with § 14-111 (c), whether the plaintiff's license should be suspended because he had "caused or contributed to" a fatal collision with a bicyclist through a violation of the statutes governing the operation of motor vehicles or "through negligence or carelessness." General Statutes § 14-111 (c). The adjudicator concluded that the plaintiff had caused or contributed to the death of the accident victim by driving recklessly, failing to keep his vehicle under proper control, failing to keep a proper lookout and evading responsibility.[3] He also ordered on behalf of the commissioner that the plaintiff's license be suspended for thirty months. A copy of this decision of the adjudicator, dated January 24, 1985, was mailed to the attorney for the plaintiff on March 22, 1985.

On April 8, 1985, the plaintiff received a notice addressed to his home that his driver's license would be suspended effective April 20, 1985. The notice also directed him to return his license to the motor vehicle

[3] The record does not explain how the plaintiff's evasion of responsibility was causally related to the victim's death.

department by that date. This notice contained the following provision: "In compliance with the requirements of the Connecticut Administrative Procedure Act, notice of decision is attached to this Suspension Notice." During oral argument the commissioner conceded that the suspension notice is ordinarily attached to the copy of the adjudicator's decision when mailed and that the procedure followed in this case of mailing a copy of the decision prior to the suspension notice was an aberration.

The plaintiff served his appeal upon the commissioner on April 30, 1985, a date more than thirty days from March 22, 1985, when the copy of the decision of the adjudicator had been mailed, but within thirty days from the mailing of the license suspension notice. The commissioner moved to dismiss the appeal for failure to comply with the requirement of § 4-183 (b) that service be made upon the agency within thirty days from the date of mailing a "notice of the final decision." The trial court granted the motion, dismissing the appeal for failure to serve the commissioner within the period allowed by § 4-183 (b).

The Appellate Court rejected the argument of the plaintiff that a final decision of the agency does not occur until the plaintiff is notified of the effective date of his license suspension. It concluded that the copy of the adjudicator's decision, mailed on March 22, 1985, which contained his findings of fact, conclusions of law and order of suspension for thirty months, provided all the information necessary for the plaintiff to decide whether to appeal. "The further notice of the effective date of the license suspension is purely administrative and merely serves to give efficacy to the findings, conclusions and orders of the commissioner contained in his notice of decision." *Lynch* v. *Muzio,* supra, 752.

The plaintiff maintains that the formal license suspension notice, received on April 8, 1985, was the

"notice of the final decision of the agency" referred to by § 4-183 (b), the mailing of which begins the thirty day period allowed for an appeal.[4] The defendant contends that the suspension notice was merely an administrative implementation of the previous decision of the adjudicator, furnishing only the additional information that the suspension would be effective on April 20, 1985. This position is undercut, however, by the defendant's admission during argument that the suspension notice and the decision of the adjudicator are ordinarily mailed out on the same date as a single communication and that the notification procedure followed in this case departed from the usual practice followed by the department of motor vehicles.

Prior to its amendment in 1973, General Statutes § 4-180 of the UAPA provided that "[a] final decision shall include findings of fact and conclusions of law, separately stated." General Statutes (Rev. to 1972) § 4-180. The amendment eliminated this requirement, so that the statute now provides in this respect only that "[a] final decision or order adverse to a party in a contested case shall be in writing or stated in the rec-

---

[4] In his brief, the plaintiff advances three arguments in support of his position: (1) that, until the commissioner had acted upon the decision of the adjudicator by issuing a formal suspension notice stating an effective date for the order of suspension, the "agency" had not made a "final decision"; (2) that the decision of the adjudicator could not become "final" until the commissioner had reviewed that decision before issuing the formal license suspension notice; and (3) that, until he received the suspension notice, the plaintiff could not reasonably have known that the commissioner had adopted the adjudicator's decision as his own.

The ground of our decision differs from these claims of the plaintiff, which we do not attempt to resolve. It is in some respects related to the third ground, but is based upon the evident intention of the commissioner, as evidenced by the practice followed by the department of motor vehicles, that the notice of license suspension be accompanied by a notice of decision.

We have departed from our usual practice of confining ourselves to the claims of the parties as briefed, because it was not until oral argument that this practice of the motor vehicle department in respect to mailing the notice of decision came to light.

ord." Public Acts 1973, No. 73-620, § 17.[5] The legislative history of this amendment indicates that it was adopted to relieve state agencies, because of the large volume of cases adjudicated, from the necessity of preparing findings, particular reference being made to the burden imposed on the department of motor vehicles.[6] The commissioner, nevertheless, has continued to follow the procedure required prior to 1973 in cases such as this one involving the suspension of an operator's license pursuant to § 14-111 (c).

A further circumstance also indicates that the copy of the adjudicator's decision mailed on March 22, 1985, was never intended to constitute the "notice of the final decision of the agency" under § 4-183 (b). The license suspension notice received on April 8, 1985, contained

[5] Public Acts 1973, No. 73-620, § 17, provides: "Section 4-180 of the 1971 noncumulative supplement to the general statutes is repealed and the following is substituted in lieu thereof: A final decision or order adverse to a party in a contested case shall be in writing or stated in the record. [A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. If, in accordance with agency regulations, a party submitted proposed findings of fact, the decision shall include a ruling upon each proposed finding.] Parties shall be notified either personally or by mail of any decision or order. Upon request a copy of the decision or order shall be delivered or mailed forthwith to each party and to his attorney of record."

[6] Representative David H. Neiditz on May 15, 1973, explained to the House of Representatives the purposes of Public Acts 1973, No. 73-620, § 17, as follows: "[O]ne [purpose] is to correct an ambiguity created by a Court decision within the last month having to do with the definition of a contested case; the second amendment is to correct a problem created for certain State agencies, which must now, under the current Administrative Procedure Act, file findings of facts and conclusions of law in every appeal taken from an administrative agency, and in some cases, like the Department of Motor Vehicles, where they have 12,000 cases a year, the need to file findings of facts and conclusions of law where there is no appeal is an unnecessary burden on the various State agencies. This would conform the practice under the Administrative Procedure Act with that which is in effect for our judicial system. I would, therefore, Mr. Speaker, move passage of this amendment." 16 H.R. Proc., Pt. 13, 1973 Sess., pp. 6436–38.

the statement that "[i]n compliance with the requirements of the Connecticut Administrative Procedure Act, notice of decision is attached to this Suspension Notice." It would not be unreasonable for the recipient of such a communication to assume, because of the statutory allusion, that the notice referred to was "the notice of the final decision of the agency" specified in § 4-183 (b). We are not aware of any other pertinent provision of the UAPA that mentions a "notice of decision."

Where a right of appeal from a decision of an administrative agency is provided by a statute, this court has perceived an implicit requirement that reasonable notice of the agency decision be given in order to implement the legislative purpose in providing for an appeal. *Hubbard* v. *Planning Commission,* 151 Conn. 269, 271–72, 196 A.2d 760 (1963). "Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." Id., 272; see *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals,* 195 Conn. 276, 281–82, 487 A.2d 559 (1985). We also have insisted that specific statutory requirements for notice be strictly followed. *Hyatt* v. *Zoning Board of Appeals,* 163 Conn. 379, 387, 311 A.2d 77 (1972); *Akin* v. *Norwalk,* 163 Conn. 68, 73–74, 301 A.2d 258 (1972). The policy underlying these holdings ensures that interested parties receive reasonable notice of an administrative agency decision. Consistent with this policy, we conclude that, when the plaintiff received the notice of suspension to which the "notice of decision" purportedly was attached in compliance with the UAPA, he could reasonably have regarded that communication as the "notice of the final decision of the agency" referred to by § 4-183 (b), the mailing of which starts the time for an appeal. Under the circumstances he may well have assumed that this second notice superseded the earlier one and that his

time to appeal, which had not expired on April 8, 1985, when he received it, had been extended effectively for thirty days from the date of its mailing.[7] Since his appeal was served on the commissioner on April 30, 1985, well within the statutory period as measured from the mailing of the second notice, the motion to dismiss for lack of jurisdiction should have been denied.

There is error, the judgment of the Appellate Court is reversed and that court is directed to remand the case to the trial court with direction to deny the defendant's motion to dismiss and for further proceedings.

In this opinion the other justices concurred.

---

[7] The date on which the suspension notice was mailed is not precisely ascertainable from the record or from the briefs of the parties. The notice, however, is dated April 6, 1985, and the plaintiff's claim that it was received on April 8, 1985, has not been disputed. The commissioner does not claim that the appeal was not filed within thirty days of mailing the notice of license suspension.