[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION TO DISMISS
I. NATURE OF PROCEEDINGS
The co-defendants L. D. Caldarella and the Commissioner of the Department of Environmental Protection [Commissioner] bring this motion to dismiss an appeal from an administrative agency decision brought by the plaintiffs Donald and Betty Doyle.
II. FACTS
In January of 1988 the co-defendant Caldarella, pursuant to Conn. Gen. Stat. 22a-361 (which regulated dredging, erecting structures and placement of fill in tidal, coastal of navigable waters), filed an application with the commissioner of the Environmental Protection Agency [commissioner] to expand a marina which he owned and operated in Old Saybrook, Connecticut. As required by 22a-361 the defendant commissioner published notice of this application. The plaintiffs, owners of riparian land adjacent to defendant's marina, responded to this notice by filing a CT Page 3352 petition for a public hearing on this permit and also sought to intervene in the action in administrative proceedings for the purpose of raising environmental issues.
Conn. Gen. Stat. 22a-361 (b) states in pertinent part:
 The commissioner, at least thirty days before approving or denying an application for a permit, shall provide . . . to the applicant, to the commissioner of transportation, and to the chief executive officer, the chairmen of the planning, zoning, harbor management and shellfish commissions of each town in which such structure . . . is to be located or work to be performed, and to the owner of each franchised oyster ground and the lessee of each leased oyster ground within which such work is to be performed, and to each abutting landowner, and shall publish once in a newspaper . . . (1) the name of the applicant; (2) the location and nature of the proposed activities; (3) the preliminary decisions on the application, and; (4) any additional information the commissioner deems necessary. There shall be a comment period following the public notice during which interested persons may submit written comments. Following such notice the comment period the commissioner may, in whole or in part, approve, modify and approve or deny the application. The commissioner shall provide to the applicant and the persons set forth above, by certified mail . . . notice of his decision and shall publish such notice once in a newspaper. . . . . .
Nowhere does this section require that a public hearing on the granting of this permit be held. In fact, even though plaintiffs filed a petition, no public hearing was held. Plaintiffs were, however, granted intervener status pursuant to Conn. Gen. Stat. 22a-19. On September 10, 1990 the commissioner granted a permit to the defendant.
On October 17, 1990 the plaintiffs served this appeal on the commissioner and Caldarella. The plaintiffs claim that the actions of the defendant Caldarella constitute CT Page 3353 regulated activities under 22a-361, and also under Conn. Gen. Stat. 22a-383 (which regulates the removal of sand and gravel under tidal and coastal waters), and 22a-28 et seq. (which regulates activities conducted in tidal wetlands). It is the plaintiffs' further contention that under both of these sections a public hearing is statutorily mandated if the commission is petitioned to hold one, and because one was not held, the plaintiffs rights to due process were violated.
Accordingly, plaintiffs seek a reversal of the commissioner's decision, a declaratory judgment that the activities of the defendants are unlawful and an injunction preventing the defendant Caldarella from carrying out dredging and filling activities. In addition, plaintiffs seek injunctive relief directing the defendant commission to hold a public hearing pursuant to Conn. Gen. Stat. 22a-28 et seq. and22a-383.
On January 9, 1991 the defendant commission filed a motion to dismiss counts one, two and four and on January 15, 1991 the defendant Caldarella filed a motion to dismiss count three. The basis of defendants' motions is that the application for a permit under Conn. Gen. Stat. 22a-361 does not require that a hearing be held. Defendants argue that because no hearing was held there was no contested case as defined by4-166 and, as such, no appeal is available. Consequently, defendant contends, the court lacks subject matter jurisdiction to hear this appeal as it is not a contested case nor is there a statutory provision which creates a right of appeal. Defendant also contends that this appeal is not timely as it was filed after the expiration of the thirty day appeal period, imposed by Conn. Gen. Stat. 4-183 (b) then in effect.
On the other hand, plaintiffs contend that they have standing to appeal by virtue of the fact that they intervened under Conn. Gen. Stat. 22a-19 even if this was not a contested case.
III. DISCUSSION
A. MOTION TO DISMISS
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Board, 195 Conn. 682, 687 (1985). The appeal provisions created by statute are jurisdictional and failure to comply with those provisions render an appeal subject to dismissal. Tarnopol v. Connecticut Siting Council,212 Conn. 157, 163 (1989). Appeals from an administrative agency exist only by statute and can only be taken advantage CT Page 3354 of by strict compliance with the statutory provisions, Id. at 163-64.
B. TIMELINESS OF PLAINTIFFS' APPEAL
As a preliminary matter, defendants contend that the filing of this appeal is untimely and therefore subject to dismissal. It is defendants' contention that the appeal period began to run on September 10, 1990 when notice of the commissioner's decision was sent to the defendant Caldarella. Therefore service of this appeal on the defendant commission on October 17, 1990 was after the expiration of the thirty day appeal period imposed by Conn. Gen. Stat. 4-183 then in effect.
The plaintiffs contend that the appeal period did not begin to run until all parties were served with notice of the decision. Plaintiffs further contend that because they intervened in this action they became parties. Consequently, the appeal period would not begin to run until notice of the commissioner's decision was mailed to them, which was September 18, 1990.
It is found that the plaintiffs became parties upon the filing of a verified pleading to intervene pursuant to Conn. Gen. Stat. 22a-19 which states in pertinent part: "In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law . . . any person. . . may intervene as a party on the filing of a verified pleading . . ." See Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483,490 (1978) (emphasis added).
 Where a right of appeal from a decision of an administrative agency is provided by statute, this court has perceived an implicit requirement that reasonable notice of the agency decision be given in order to implement the legislative purpose in providing for an appeal. . . "Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless. . ." The policy underlying these holdings ensures that interested parties receive reasonable notice of an administrative agency decision. (Citations omitted).
Lynch v. Muzio, 204 Conn. 60, 66 (1987). CT Page 3355
Therefore, it is found that the appeal period did not begin to run until the plaintiffs were mailed notice of the decision. Thus, because the plaintiffs were mailed the notice of the commissioner's decision on September 18, 1990 and this appeal was served on the defendant commissioner on September 17, 1990 it is concluded that this appeal was timely filed.
C. PLAINTIFFS RIGHT TO APPEAL THE GRANTING OF A PERMIT UNDER CONN. GEN. STAT. 22a-361
The defendant Caldarella applied for and received a permit to expand his Marina under Conn. Gen. Stat. 22a-361. Although this section requires that notice of the application be published, nowhere does it require that a public hearing be held on the granting or denying of that permit. Although the plaintiffs petitioned for a public hearing none was held, nor was the commission required, on petition, to grant one.
Conn. Gen. Stat. 4-183 (a) states: "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." Conn. Gen. Stat. 4-166 (3) defines final decision as, "the agency decision in a contested case." Conn. Gen. Stat. 4-166 (2) defines contested case as "a proceeding, including . . . licensing, in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held. . ."
In addition to establishing aggrievement, a party desiring judicial review of an agency's action must establish that the injury resulted from a final decision in a contested case. Connecticut Business Industries Assn., Inc. v. CHHC,214 Conn. 726, 731 (1990). Therefore, it is determined that because no hearing was required or held in this permit application, this was not a final decision in a contested case as defined by Conn. Gen. Stat. 4-166. Moreover, it is found that there is no additional statutory authority which allows these plaintiffs to maintain an appeal. Consequently, it is concluded that plaintiffs cannot bring an appeal of the granting of the permit by defendant commission on this basis.
D. PLAINTIFFS RIGHT OF APPEAL BY VIRTUE OF THE FACT THAT THEY HAVE INTERVENED PURSUANT TO CONN. GEN. STAT. 822a-19
It is the plaintiff's contention that because they have intervened pursuant to Conn. Gen. Stat. 22a-19 they now have CT Page 3356 standing to bring this appeal. 22a-19 states in pertinent part:
 In any administrative . . . licensing. . . proceeding, and in any judicial review thereof make available by law . . . any person . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state.
Plaintiffs rely on the case of Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483 (1978), for the proposition that by having intervened in an action under 22a-19 they have an automatic right of appeal. In the court's opinion this is a misapplication of Mystic Marinelife. The court in Mystic Marinelife determined that by virtue of having intervened under22a-19 the intervenor has standing to bring an appeal, for purposes of raising environmental issues, because 22a-19
creates statutory aggrievement. Id. 491. The fact that a party is aggrieved is insufficient in and of itself to create a right of appeal where no statutory right otherwise exists. See Tarnopol v. Connecticut Siting Council,212 Conn. at 163-14.
Subsequent to Mystic Marinelife the court stated that, "[b]y permitting intervention under 22a-19 (a) the EPA allows private persons to `intervene in an existing judicial review of an agency action or to initiate an independent declaratory or injunctive action.'" Red Hill Coalition, Inc. v. Conservation Commission, 212 Conn. 710 715 (1989), quoting Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 45 (1987 (emphasis added). It is determined that in order to bring an appeal pursuant to Conn. Gen. Stat. 22a-19 a right to appeal must exist, even if, as in the case of Mystic Marinelife, all other parties who brought the appeal have been determined not to be aggrieved.
Further, it appears to this court that because plaintiffs have no statutory right to bring an appeal other than that claimed to exist by virtue of their intervention, then they are viewing 22a-19, by itself, as an appeal statute. However, it is found that 22a-19 was never intended to create a right of appeal where no right of appeal had previously existed. CT Page 3357
Consequently, it is concluded that plaintiffs are not entitled to maintain this appeal merely because they have intervened under 22a-19.
E. RIGHT OF APPEAL BY VIRTUE OF THE FACT THAT DEFENDANT CALDARELLA'S ACTIVITIES MAY CONSTITUTE REGULATED ACTIVITIES UNDER CONN. GEN. STAT. 22a-363 AND 22-28
It is plaintiff's contention that the activities in which the defendant Caldarella proposes to engage are regulated activities under Conn. Gen. Stat. 22a-363 which regulates the dredging of sand and gravel from under coastal waters, and 22a-28 et seq. which regulates activities which take place in inland wetlands. Plaintiffs further contend that under the licensing provisions of each of these sections the commission is required to hold a public hearing if a petition is presented requesting one. Because the plaintiffs filed a petition for a public hearing and were denied they contend that their due process rights have been violated and as such they have a right to bring this appeal.
It is determining that plaintiffs have an administrative remedy available to determine whether or not these additional sections of the EPA are implicated by the granting of the permit of defendant Caldarella to carry on the expansion of his marina. Conn. Gen. Stat. 4-175 states:
 If a provision of the general statutes . . . interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff and if an agency (1) does not take an action required by subdivision (1), (2) or (3) of subsection (e) of section 4-176 . . . the petitioner may seek in the superior court a declaratory judgment as to the . . . applicability of the provision of the general statutes. . . .
Conn. Gen. Stat. 4-176 (e) states in pertinent part:
 Within sixty days after receipt of a petition for a declaratory ruling, an agency in writing shall: (1) Issue a ruling declaring . . . the applicability of the provision of the general statutes . . . (2) order the matter set for specified proceedings, (3) agree to issue CT Page 3358 a declaratory ruling by a specified date. . . .
Because plaintiffs have yet to seek a declaratory ruling on the applicability of Conn. Gen. Stats. 22a-363 and22a-28 they have not exhausted the administrative remedies available to them. "[L]itigants [must] exhaust their administrative remedies before a judicial challenge to administrative actions will be entertained." (Citations omitted). Greater Bridgeport Transit District v. CHRO,211 Conn. 129, 131 (1989). It is accordingly concluded that plaintiffs cannot maintain their appeal on the basis that the defendants' activities may be regulated by other provisions of the EPA.
CONCLUSION
For the reasons herein stated it is concluded that the defendants' motion to dismiss ought to be and is hereby granted.
Arena, J.