[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs ZFD Partnership and Frank Borawski appeal the decision of the defendant codes and standards committee of the department of public safety denying the plaintiffs an exemption from provisions of the state building code. The defendant committee acted pursuant to General Statutes §§ 29-200 and 29-269. The plaintiffs' appeal is authorized by § 4-183.
The essential facts are not in dispute and are fully reflected in the record. The plaintiffs own a building in Manchester that is subject to provisions of state statutes and regulations relating to accessibility to persons with disabilities.
The state building code requires the installation of an elevator in the plaintiffs' building to provide access for persons with disabilities to the mezzanine level. The plaintiffs applied to the state building inspector for an exemption from this requirement, proposing instead to install a wheelchair lift. A principal reason for the plaintiffs' request was that they had already constructed their building without an elevator and installing one at this time would involve considerable alterations to the existing structure. They accompanied their application with sketches depicting the problem.
General Statutes § 29-269 (b) provides that any exemption from the building code relating to accessibility to persons with disabilities must be approved by the state building inspector and the director of the office of protection and advocacy for persons with disabilities (OPA), "acting jointly." The statute further CT Page 6093 provides that the two officials "may approve (an exemption from a code provision) when they jointly determine that (the provision) would not be feasible or would unreasonably complicate the construction, alteration or repair in question. Such determination shall be in writing, shall state the reasons therefor . . . ."
In response to the plaintiffs' application, the director of OPA wrote the building inspector, stating "To allow a wheelchair lift to be used in lieu of an elevator would be setting a dangerous precedent and I, therefore, deny this request for a waiver."
The building inspector thereupon wrote the plaintiffs, enclosing a copy of the OPA director's decision and stating "[n]o demonstration of any physical, structural or legal obstruction to the prompt installation of [an elevator] has been offered in support of the application. Therefore, it is our joint decision to deny this handicap exemption request."
In accordance with §§ 29-200 and 29-269 (b), the plaintiffs appealed to the defendant committee. After a hearing de novo, the committee rendered a final decision in which it "sustain(ed) the determination of the State Building Inspector and Office of Protection and Advocacy for the Disabled to deny the exemption request."
The plaintiffs raise a number of issues as bases for their appeal. The court has determined, however, that the case must be remanded for further proceedings before it can reach the merits of the plaintiffs' arguments.
General Statutes §§ 29-200 and 29-269 clearly set forth the procedure and authority for acting on requests for exemptions as occurred in this case. The statutes provide that such exemptions may be granted if adherence to the code provision would not be "feasible or would unreasonably complicate the construction, alteration or repair in question." The converse of that criterion is that the exemption may be denied if adherence to the code provision would not incur such complications. The statutes are also clear, stating repeatedly, that the decision approving or denying a request for exemption CT Page 6094 must be the joint decision of the building inspector and the director of OPA.
In the present case, the director of OPA indicates that the only basis of his decision denying the plaintiffs' request is that it would set a "dangerous precedent." Writing separately, the building inspector states that the basis of his decision is that no physical or other "obstruction" to compliance with the code provision has been shown by the plaintiffs. In short, the two officials rendered separate decisions, not a joint decision as required by the applicable statutes.
The failure of the officials to comply with the statutory requirements for rendering a joint decision is significant for two reasons. First, it was their action denying the plaintiffs' request that the defendant committee sustained. In determining whether the committee's decision was reasonable in that regard, therefore, the court must analyze that underlying action by the two officials. Secondly, the decisions by the two officials are separate and distinct in substance, not merely in form. It is simply not possible, therefore, for the court to determine what the true basis of their "joint decision" was.
The inconsistency that affects the decisions of the building inspector and the director of OPA carries over into the decision of the defendant committee. That decision, moreover, is flawed by a failure to articulate the committee's reasoning. The committee sets forth findings of fact, including the fact that installation of an elevator would require altering the roof structure of the plaintiffs' building. The committee also purports to set forth "conclusions of law", but these are merely quotations of statutes and regulations; the committee does not indicate what it concludes in applying the law that it quotes to the facts that it finds. The committee then leaps to its decision "to sustain the determination" of the two officials denying the exemption, without any explanation of its reasoning. The decision is devoid of any connection between the facts, the law and the final result.
General Statutes § 4-180 (c) provides, in relevant CT Page 6095 part, as follows:
 A final decision in a contested case shall be in writing or orally stated on the record and, if adverse to a party, shall include the agency's findings of fact and conclusions of law necessary to its decision. Findings of fact shall be based exclusively on evidence in the record and on matters noticed.
Section 4-180 (c) was enacted in its present form as part of the extensive renovation of the Uniform Administrative Procedure Act in Public Act 88-317, effective July 1, 1989. Prior to Public Act 88-317, the statute provided merely that "(a) final decision or order adverse to a party in a contested case shall be in writing or stated in the record." The previous omission of any obligation to set forth findings of fact or conclusions was designed to relieve administrative agencies of a perceived "burden" in stating findings and conclusions in their decisions. See Lynch v. Muzio,204 Conn. 60, 64 — 65 (1987). The clear purpose of Public Act 88-317, therefore, was to restore the requirement of some measure of specificity to the agencies' decision-issuing duties; that is, the requirement that an agency specify its underlying findings and conclusions in its decision.
Section 4-183 (j) of the administrative procedure act requires the court to reverse an agency decision if it is found to be "(5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." If the court is to conduct a meaningful review of an agency's decision in order to determine if it is erroneous in view of the evidence "on the whole record" or if it is the result of an abuse of discretion, the court must be able to ascertain not only what factual findings the agency made, but also what the agency's reasoning was in reaching its conclusions and final decision.
In the present case, as indicated, the two officials rendered essentially separate and different decisions; CT Page 6096 then the committee "sustained" that action and further compounded the confusion by failing to indicate its own conclusions on the law and facts. In these circumstances, it is not possible for the court to evaluate the plaintiffs' claims on appeal. The case must be remanded so that the building inspector and the director of the office of protection and advocacy for the disabled may render a joint decision as required by statute and so that the committee may thereafter render a decision in which it articulates both its findings of fact and its conclusions of law.
The appeal is sustained and the case is remanded to the department of public safety for further proceedings in accordance with this decision.