[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Pomarico's Service Center, Inc. appeals a decision of the defendant department of motor vehicles CT Page 5370-QQQQ imposing a civil fine and issuing other orders following its determination that the plaintiff violated statutes and regulations governing used car dealers. The department acted pursuant to General Statutes § 14-64. The plaintiff appeals pursuant to § 4-183. The court determines that the case must be remanded for further proceedings.
The facts essential to the court's decision are not in dispute. The plaintiff corporation is licensed to operate a used car dealership in the state. Frank J. Pomarico is the president of the plaintiff corporation and controls its operations. In 1993, he and Louis Esposito were partners in the business of buying and selling used cars, and they utilized the plaintiff corporation as a conduit, obtaining and transferring title through it as a licensed dealer. The partnership and the corporation thus acted in revolving roles as agent and principal in their business transactions.
In February 1993, Mr. Pomarico and his attorney wrote the department alleging that Mr. Esposito had stolen some vehicle records from the plaintiff corporation and illegally altered them. They referred particularly to a used 1988 Acura that the corporation had purchased from a repossessing bank and subsequently sold.
On August 24, 1993, a department inspector went to the corporation's place of business and conducted an inspection. The corporation was unable to produce copies of federal odometer statements for the Acura, which are required by federal and state law and regulations to be competed at the time of purchase and sale of a used car. The corporation was also unable to produce records of the purchase and sale of a 1989 Nissan. These records were later found and furnished to the department.
As a result of the August 24, 1993 inspection, the department notified the plaintiff that it would conduct a hearing on charges that the plaintiff had violated various record-keeping statutes and regulations.
The department conducted the hearing before a duly designated hearing officer on December 7, 1994 and January 11, 1995. Mr. Pomarico testified in behalf of the plaintiff corporation and presented evidence. The CT Page 5370-RRRR department inspector testified. Mr. Esposito did not testify.
Following the hearing, the hearing officer rendered a final decision, setting forth findings of fact and conclusions of law. With respect to the Acura, the hearing officer found that the plaintiff corporation was "unable to produce" during the department inspection the federal odometer statements required to be completed at the time of purchase and sale of the vehicle. With respect to the Nissan, the hearing officer found that the plaintiff was "unable to produce" records of the purchase and sale of the vehicle at the time of the department's inspection but that they were later found and furnished to the department.
On the basis of the findings of fact summarized above, the hearing officer concluded that the plaintiff violated General Statutes § 14-64(1) and Regs. Conn. State Agencies §§ 14-63-38, 14-63-32, and 14-63-42. The hearing officer ordered the plaintiff to pay a civil fine of $150 for each of four specific violations and post a $1000 "forfeiture bond," presumably to insure the payment of penalties for future violations.
The court finds that the plaintiff is aggrieved within the meaning of General Statutes § 4-183.
In its brief on appeal, the plaintiff advances essentially five arguments: (1) the department unfairly and selectively charged the plaintiff with a violation of law for buying a vehicle without a federal odometer statement; (2) the text of the notice of charges and the findings and conclusions as stated by the hearing officer do not constitute violations of the explicit provisions of the statutes and regulations; (3) the hearing officer failed to consider evidence of the theft of the Acura records; (4) the hearing officer failed to make a specific finding that the odometer statement required at the time of purchase of the Acura had ever been furnished to the plaintiff; (5) the department inspector failed to give adequate prior notice of the inspection to the plaintiff. The court considers each of these claims below.
Selective Prosecution
CT Page 5370-SSSS
This claim relates to the charge that the plaintiff failed to maintain a record of the federal odometer statement that was supposed to have been completed at the time the plaintiff purchased the vehicle from the bank. The plaintiff asserts and, indeed, elicited testimony from the department's inspector to the effect that the department may never have charged any other dealer with such a violation. But a successful claim that a governmental agency is unfairly prosecuting an individual requires more than that. The claimant must prove that the selective enforcement was based on impermissible considerations such as race, religion or sex. Schnabel v. Tyler, 230 Conn. 735, 762 (1994). The plaintiff offered no proof of any such discrimination. This argument may not be sustained.
Notice of Charges
The plaintiff claims that there is a discrepancy between the charges and the hearing officer's findings and conclusions and the text of the federal and state regulations concerning the maintenance of copies of the federal odometer statements. The court agrees that the hearing officer's decision with respect to the plaintiff's obligations under these regulations is imprecise and requires revision. The court addresses that issue later in this decision. The department's erroneous references to Regs. Conn. State Agencies § 14-63-32 may likewise be corrected in a revised decision.
Alleged Theft of Records
The investigation by the department that ultimately resulted in the charges this case as well as charges against companies owned by Esposito was initiated by Pomarico's allegations that Esposito stole records concerning the Acura and illegally altered them. Pomarico continued to press these allegations throughout the hearing in this case and offered other evidence to substantiate them.
The allegations that the records had been stolen before the department inspected the plaintiff's premises were obviously highly relevant and material to the hearing officer's final decision. The regulations that CT Page 5370-TTTT the hearing officer found to have been violated essentially required the plaintiff to keep records of the sale and purchase of used vehicles, including federal odometer statements, for varying periods of time. In this case, if the hearing officer found that the plaintiff was the victim of a theft and for that reason was unable to produce the records, it is not clear what would be the justification for a penalty. If, on the other hand, the hearing officer found that the records had not been stolen but instead were unavailable because of the plaintiff's negligence or malfeasance, the penalty could be appropriately connected to fault on the plaintiff's part.
The problem with the hearing officer's decision in this case is that it fails to address fundamental issues raised by the plaintiff at the hearing: were the Acura records stolen and illegally altered by someone else? If so, what is the legal justification for penalizing the plaintiff for not producing them? The hearing officer's decision is essentially silent on these issues.
The hearing officer's decision also does not address the issue, raised at the hearing by the plaintiff, whether the purchase of a used vehicle without receiving an odometer statement from the seller constitutes a violation of the record-keeping regulations in question. In this case, the evidence seems to establish that the repossessing bank, which sold the Acura to the plaintiff, did not furnish a statement to the plaintiff. If that's true, what was the hearing officer's conclusion concerning the plaintiff's obligation to maintain such a record?
General Statutes § 4-180(c) provides, in relevant part, as follows:
 A final decision in a contested case shall be in writing or orally stated on the record and, if adverse to a party, shall include the agency's findings of fact and conclusions of law necessary to its decision. Findings of fact shall be based exclusively on evidence in the record and on matters noticed.
Section 4-180(c) was enacted in its present form as CT Page 5370-UUUU part of the extensive renovation of the Uniform Administrative Procedure Act in Public Act 88-317, effective July 1, 1989. Prior to Public Act 88-317, the statute provided merely that "(a) final decision or order adverse to a party in a contested case shall be in writing or stated in the record." The previous omission of any obligation to set forth findings of fact or conclusions was designed to relieve administrative agencies, the defendant motor vehicle department in particular, of a perceived "burden" in stating findings and conclusions in their decisions. See Lynch v. Muzio,204 Conn. 60, 64-65 (1987). The clear purpose of Public Act 88-317, therefore, was to restore the requirement of some measure of specificity to the agencies' decision-issuing duties; that is, the requirement that they specify underlying findings and conclusions in their decisions.
Section 4-183(j) of the administrative procedure act requires the court to reverse an agency decision if it is found to be "(5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." If the court is to conduct a meaningful review of an agency's decision in order to determine if it is erroneous in view of the evidence "on the whole record" or if it is the result of an abuse of discretion, the court must be able to ascertain not only what factual findings the agency made, but also what the agency's reasoning was in reaching its conclusions and final decision.
As noted, the decision in this case is deficient in that the hearing officer did not state findings and conclusions concerning the crucial issue whether the Acura records were missing because they had been stolen or, in the case of the seller's odometer statement, because it never existed, or whether the records were missing because of some fault of the plaintiff. Although the hearing officer's findings with respect to the Nissan could conceivably support the imposition of some penalty, the decision was clearly based to a considerable degree on the Acura factor. The court cannot ascertain, therefore, the basis of the hearing officer's decision and cannot determine whether there was any abuse of CT Page 5370-VVVV discretion.
Pursuant to § 4-183(j), the plaintiff's appeal is sustained. Pursuant to § 4-183(k), the case is remanded to the department, and the hearing officer is ordered to render a revised decision in which he addresses the issues summarized above. If the hearing officer finds that the Acura records were in fact stolen, the decision must state the basis for imposing any penalty with respect to those records. If the hearing officer finds that the bank never furnished an odometer statement for the Acura to the plaintiff, the decision must articulate the hearing officer's conclusion that the plaintiff violated the regulations under those circumstances.
MALONEY, J.