[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff James Fiolek appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff failed a chemical test of CT Page 4420 the alcohol content of his blood after having been arrested on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court remands the case to the department of motor vehicles.
The plaintiff's principal arguments in support of his appeal are based on the fact that the police officer's A-44 report and accompanying documents are incomplete and inconsistent. At the administrative hearing, plaintiff's counsel pointed out these shortcomings and argued that the documents do not even establish the time when the plaintiff was operating the vehicle, an absolutely essential element in the decision to suspend a license for test failure. The hearing officer properly overruled the objection, but then did nothing to address the very real problem that the plaintiff identified.
General Statutes § 4-180 (c) provides, in relevant part, as follows:
 A final decision in a contested case shall be writing or orally stated on the record and, if adverse to a party, shall include the agency's findings of fact and conclusions of law necessary to its decision. Findings of fact shall be based exclusively on evidence in the record and on matters noticed.
Section 4-180 (c) was enacted in its present form as part of the extensive renovation of the Uniform Administrative Procedure Act in Public Act 88-317, effective July 1, 1989. Prior to Public Act 88-317, the statute provided merely that "(a) final decision or order adverse to a party in a contested case shall be in writing or stated in the record." The previous omission of any obligation to set forth findings of fact or conclusions was designed to relieve administrative agencies, the department of motor vehicles in particular, of a perceived "burden" in stating findings and conclusions in their decisions. See Lynch v. Muzio,204 Conn. 60, 64-65 (1987). The clear purpose of Public Act 88-317, therefore, was to restore the requirement of some measure of specificity to the agencies' decision CT Page 4421 issuing duties; that is, the requirement that an agency specify its underlying findings and conclusions in its decision.
Section 4-183 (j) of the administrative procedure act requires the court to reverse an agency decision if it is found to be "(5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." If the court is to conduct a meaningful review of an agency's decision in order to determine if it is erroneous in view of the evidence "on the whole record" or if it is the result of an abuse of discretion, the court must be able to ascertain not only what factual findings the agency made, but also what the agency's reasoning was in reaching its conclusions and final decision.
In the present case, the various forms furnished to the motor vehicle department by the arresting police officer indicate different times for the arrest, do not indicate precisely when the plaintiff was operating the vehicle, and essentially leave it to the reader — that is, the hearing officer — to make sense of them. Furthermore, the documents are the only evidence that the hearing officer had on which to base the decision. Under these circumstances, it was incumbent on the hearing officer to write a decision that sets forth specific findings on crucial elements — the time of operation, for a prime example — and explains how he arrived at those findings of fact on the basis of the poorly prepared police documents. The decision that the hearing officer did write in this case does not provide an adequate basis for the court's review.
The appeal is sustained. The case is remanded pursuant to General Statutes § 4-183 (k), and the commissioner is ordered to render a new decision, based on the current record. The new decision may affirm, modify or reverse the original decision. The new decision must clearly set forth specific findings of fact and conclusions of law.
MALONEY, J. CT Page 4422