BRIDGEPORT BOWL-O-RAMA, INC. *v.* ZONING BOARD OF APPEALS OF THE CITY OF BRIDGEPORT ET AL.
(12368)

HEALEY, PARSKEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued December 7, 1984—decision released February 19, 1985

*Thomas A. Rouse,* with whom were *James H. Shulman* and, on the brief, *Martin H. Sokolow, Jr.,* for the appellant (defendant First National Supermarkets, Inc.).

*Barbara Brazzel-Massaro,* for the appellant (defendant Zoning Board of Appeals of the City of Bridgeport).

*Caroline Longstreth,* with whom, on the brief, were *Austin K. Wolf* and *Joram Hirsch,* for the appellant (defendant Brookside Shopping Center, Inc.).

*Elliott B. Pollack,* with whom was *Neal C. Mizner,* for the appellee (plaintiff Bridgeport Bowl-O-Rama, Inc.).

SHEA, J. Upon motion of the defendant the *Hon. Milton H. Belinkie,* state trial referee, dismissed as untimely filed this appeal from a decision of the Bridgeport zoning board of appeals approving an application of the defendant First National Supermarkets, Inc. (Finast) for a variance. Upon appeal by the plaintiff, the Appellate Session of the Superior Court held the notice of decision published by the zoning board of appeals inadequate to commence the running of the fifteen day period allowed by General Statutes § 8-8 for taking such an appeal. The Appellate Session therefore found error in the trial referee's ruling that the appeal

was time-barred. Upon our grant of certification, the defendants appealed to this court, claiming error in the determination of the Appellate Session that the published notice of decision was inadequate.[1] We agree with the trial referee and remand with direction to reinstate the original judgment dismissing the appeal.

The material facts are undisputed. In connection with a proposed building addition, the defendant Finast on November 18, 1982, applied to the defendant zoning board of appeals for a variance from the Bridgeport zoning regulations to allow 169 less off-street parking spaces than the 785 spaces otherwise required at the site. The plaintiff Bridgeport Bowl-O-Rama, Inc., is the lessee of property contiguous with that occupied by Finast, which leases the subject property from the defendant Brookside Shopping Center, Inc. In the Bridgeport Post on November 29, 1982, and the Bridgeport Sunday Post on December 5, 1982, the defendant zoning board caused an advertisement to appear giving notice of a hearing to be held before the zoning board on December 13, 1982, to consider, inter alia, Finast's application for a variance.[2] At the conclusion of the public hearing, which was not attended by the plaintiff, the defendant zoning board granted Finast's

---

[1] The defendants-appellants have also assigned as error the Appellate Session's denial of their motion to reargue, in which they sought modification of the Appellate Session's remand order to require the trial court to consider, assuming inadequate published notice, the impact of claimed actual notice to the plaintiff on the timeliness of the appeal. Because we hold that the published notice of decision was adequate to commence the fifteen day period for an appeal allowed by General Statutes § 8-8 and that the plaintiff has not met this requirement, we need not address the actual notice issue.

[2] The text of the advertisement as it pertained to the Finast application was as follows:

"NOTICE
NOTICE OF HEARING
ZONING BOARD OF APPEALS
BRIDGEPORT, CONNECTICUT

"The Zoning Board of Appeals acting under the Zoning Regulations of the City of Bridgeport and the General Statutes of the State of Connecti-

application subject to the condition that the property be developed "substantially in accord with the plans submitted and held on file in the Zoning Department."

The defendant zoning board then published a notice of its decision in the December 16, 1982 edition of the Bridgeport Post. The notice of decision referred to the previous notice of hearing and, with regard to the Finast variance, provided: "4531–4575 MAIN ST. Petition of First National Stores, Inc. GRANTED CONDITIONALLY."[3] It was not until March 9, 1983, that the plaintiff commenced this appeal, claiming that the defendant board of zoning appeals acted contrary to the law in granting the variance, requesting that the variance be declared void and seeking that the defendant Finast be enjoined from any construction requiring the variance.

cut will hold a public hearing at 3:00 P.M. on Monday, December 13, 1982 in City Hall, 45 Lyon Terrace, Bridgeport, Connecticut.

"Applicants and/or their agents are required to be present.

\* \* \*

"9. 4531-4575 MAIN ST. Petition of First National Stores, Inc. for a waiver of the off-st. parking req'mts. in a BUSINESS NO. 3 ZONE to permit the erection of an addition to the existing retail supermarket in the existing shopping center.

[3] The text of the notice of decision in regard to the Finast application was:

"NOTICE
ZONING BOARD
OF APPEALS
OF THE CITY
OF BRIDGEPORT
NOTICE OF DECISIONS

"Notice is hereby given to the public and all persons interested that a hearing of the Zoning Board of Appeals of the City of Bridgeport, Connecticut on Monday, December 13, 1982, as advertised in The Bridgeport Post, Monday, November 29, 1982 and The Bridgeport Post, Sunday, December 5, 1982, the following decisions to become effective upon publication were rendered by the Board as to the following described properties, and that a copy of this notice was filed in the City Clerk's Office on Thursday, December 14, 1982."

\* \* \*

"9. 4531-4575 MAIN ST. Petition of First National Stores, Inc. GRANTED CONDITIONALLY."

General Statutes § 8-8 provides that qualified persons[4] may appeal the decision of a zoning board of appeals "within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be . . . ." General Statutes § 8-7 deals with variances and provides in part that "[n]otice of the decision of the board shall be published in a newspaper having a substantial circulation in the municipality . . . within fifteen days after such decision has been rendered." It is undisputed that this appeal was not brought within fifteen days after the December 16, 1982 publication of the notice of its decision by the defendant zoning board. In reversing the trial referee's decision to dismiss the appeal on this ground, the Appellate Session agreed with the plaintiff's contention that the published notice of the decision of the zoning board was inadequate to comply with § 8-7 and hence did not start the running of the fifteen day period provided by § 8-8.

The principal issue before us is the timeliness of the plaintiff's appeal, the resolution of which depends upon the adequacy of the notice of decision provided by the zoning board.[5] If the notice was adequate, the fifteen

---

[4] General Statutes § 8-8 provides a right of appeal to "[a]ny person or persons severally or jointly aggrieved by any decision of [a zoning board of appeals], or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board . . . ." The defendant Brookside Shopping Center, Inc., filed a motion to dismiss in the trial court asserting that the plaintiff is not qualified under General Statutes § 8-8 to bring this appeal. Since this motion is not before us and is mooted by our decision, we need not consider it.

[5] In *Bernard* v. *Planning & Zoning Commission,* 26 Conn. Sup. 85, 213 A.2d 527 (1965), the court discussed the history of the publication requirement in relation to the timing of appeals and distinguished the varying provisions under a prior statutory scheme. In relation to General Statutes § 8-8, the court noted that "[h]ad the legislature intended to have the running of the appeal period contingent upon statutory publication, it would so have legislated." Id., 88. It undoubtedly has now done so. See General Statutes § 8-8.

day limitation commenced on December 16, 1984, and this appeal is barred. *Foran* v. *Zoning Board of Appeals,* 158 Conn. 331, 335-37, 260 A.2d 609 (1969).

We have previously addressed the issue of the effect of the failure to publish a notice of decision within the time constraints of General Statutes § 8-7. See *Hyatt* v. *Zoning Board of Appeals,* 163 Conn. 379, 387, 311 A.2d 77 (1972); *Akin* v. *Norwalk,* 163 Conn. 68, 73–74, 301 A.2d 258 (1972). As the parties have recognized, however, there is a lack of authority on the question of the adequacy of such a notice once published. The legislative history accompanying the portion of § 8-7 requiring publication of a notice of decision is undeniably vague. "This bill mainly provides for notice to be given from the Zoning Boards and Planning Commissions both after their action has been taken. It is a good bill in that it provides for adequate notice being given to the interested parties." 11 H. R. Proc., Pt. 8, 1965 Spec. Sess., p. 3673 (remarks of Rep. Robert Satter).

In reviewing the adequacy of the notice of decision employed here, we are mindful of the purpose such notice is meant to serve. "The right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." *Hubbard* v. *Planning Commission,* 151 Conn. 269, 271-72, 196 A.2d 760 (1963). The notice of decision here, together with the hearing notice incorporated therein, fulfilled these objectives. There can be no doubt that the notice of decision published on December 16, 1982, gave the plaintiff the opportunity of knowing that there was a decision to appeal from. The notice of decision explicitly stated that a deci-

sion relating to specifically identified property adjacent to that occupied by the plaintiff had been rendered granting the Finast petition conditionally. The adequacy of the notice with regard to the opportunity granted the plaintiff "of forming an opinion as to whether that decision presents an appealable issue" must be determined from the notice construed as a whole, including its references to the prior notice of hearing. The prior notice adequately disclosed the nature of Finast's application.[6] It is not essential that a notice of decision expressly state every consideration that might be relevant to any party who might want to appeal the board's decision. It is only necessary to provide notice adequate to ensure a reasonable opportunity within the applicable time constraints to obtain the information required to form an opinion whether or not to appeal. The reference to the earlier notice of hearing in the notice of decision accomplished this result. The plaintiff was charged with constructive notice of the prior notices of hearing and the information contained therein. *Jarvis Acres, Inc.* v. *Zoning Commission,* 163 Conn. 41, 47, 301 A.2d 244 (1972). Such constructive notice rendered the notice of decision self-explanatory since the plaintiff was already charged with the information contained in the notice of hearing, providing sufficient opportunity to form "an opinion as to whether that decision present[ed] an appealable issue." *Hubbard* v. *Planning Commission,* supra, 271–72. Thus the notice of decision was adequate for this purpose.

---

[6] At oral argument, the plaintiff raised for the first time the claim that the notice of hearing was inadequate. While the notice of hearing used the word "waiver" instead of the word "variance"; see footnote 2, supra; the import of the proposed action was plain. Failure to so recognize would elevate form over substance. *Danseyar* v. *Zoning Board of Appeals,* 164 Conn. 325, 330-31, 321 A.2d 474 (1973). This infirmity in the precise language of the notice of hearing did not detract from the efficacy of the notice of decision in fulfilling its purpose. See *Hubbard* v. *Planning Commission,* 151 Conn. 269, 271–72, 196 A.2d 760 (1963).

We need not separately address the plaintiff's contention that the notice of decision employed here violated the due process clause as well as General Statutes § 8-7, for we have interpreted the statute as mandating the constitutional requirements. "[A] court is justified in holding that a statute was intended to be subject to constitutional requirements, and that those requirements are to be considered as embodied in the statute, if its terms do not exclude such requirements." *Grega* v. *Warden,* 178 Conn. 207, 210, 423 A.2d 873 (1979). This notice of decision, having met the test outlined in *Hubbard* v. *Planning Commission,* supra, and incorporated in General Statutes § 8-7, passed constitutional muster. See also *General Dynamics Corporation* v. *Groton,* 184 Conn. 483, 491–92, 440 A.2d 185 (1981).

"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 201, 440 A.2d 286 (1982). Because the plaintiff failed to bring its appeal within fifteen days after publication of an adequate notice of decision, as required by General Statutes § 8-8, we conclude that the trial referee properly dismissed this appeal and that the decision of the Appellate Session to the contrary was erroneous.

There is error, the judgment of the Appellate Session is set aside, and the case is remanded to the Appellate Court[7] with direction to reinstate the judgment of the trial court.

In this opinion the other judges concurred.

---

[7] Appeals formerly filed in the Appellate Session of the Superior Court have been transferred to the Appellate Court by Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3; General Statutes § 51-197a.