[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This motion raises the novel question of the legal effect of publication of a second legal notice of a zoning commission's decision, and whether an appeal is defective where it was taken more than 15 days after the first legal notice was published, but less than 15 days after publication of the second notice. CT Page 1715
On October 2, 1990 the defendant Commission approved the site plan application which is the subject of this appeal. A legal notice of the commission's decision was published on October 12, 1990 in the New Haven Register. The plaintiff's attorney had not seen the legal notice and called the Commission's office to find out if it had been published. The administrative assistant to the Commission indicated that she had not seen the legal notice, and after consulting with the Town's Zoning Enforcement Officer, decided to publish another legal notice. At her direction a second, legal notice was published in the New Haven Register on October 17, 1990. The appeal was served 14 days later, on October 31, 1990, on the proper officials of the Town. An appeal commences with service of it on the defendants. Valley Cable Vision, Inc. v. Public Utilities Commission, 175 Conn. 30, 33. The defendant has moved to dismiss the appeal under sections 142 and 145 of the Connecticut Practice Book claiming lack of subject matter jurisdiction, because the appeal was brought 19 days after the first legal notice was published, even though the appeal was brought 14 days after publication of the second legal notice.
It is well established that failure to take an administrative appeal within the time limits contained in the appeal statute goes to subject matter jurisdiction and requires dismissal of the appeal. Bridgeport Bowl-O-Rama v. Zoning Board of Appeals, 195 Conn. 276, 281, 283; Cardoza v. Zoning Commission, 211 Conn. 78, 82; Rogers v. Commission on Human Rights Opportunities, 195 Conn. 543, 550; Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 6, 7. Section 8-8(b) of the General Statutes, as amendedPublic Act 90-286, section 1, provides that a zoning "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within 15 days from the date that notice of the decision was published as required by the General Statutes." If the second legal notice can form the starting point for the 15 day appeal period, the appeal in this case was brought within the 15 day time limit. If the second notice was ineffectual and the appeal was required within 15 days from publication of the first legal notice, the appeal was too late and the motion to dismiss must be granted.
The requirements for review and action upon site plans submitted to a zoning commission are governed by section 8-3(g) of the General Statutes. That statute provides in part as follows:
"The Commission shall publish notice of CT Page 1716 the approval or denial of site plans in a newspaper having a general circulation in the municipality. In any case in which such notice is not published within the fifteen day period after a decision has been rendered, the person who submitted such plan may provide for the publication of such notice within ten days thereafter."
(Section 8-3(g) as amended by Public Act 89-356, section 11).
The purpose of publication of a notice of the Commission's decision in a newspaper is (1) to give notice to interested parties of the decision and (2) to commence the start of the 15 day appeal period. Akin v. Norwalk, 163 Conn. 68,73, Bridgeport Bowl-O-Rama v. Zoning Board of Appeals, supra, 281, 282. The statute only requires that the Commission shall publish a legal notice of its decision within 15 days after a decision has been made, but does not specify the number of publications that are required. The statute does not foreclose publication of more than one legal notice, although one legal notice is clearly sufficient to comply with the statute and publication of more than one is a rare event. The statute requires publication of the legal notice within 15 days after a decision has been made by the Commission. Failure to do so is itself a jurisdictional defect which will invalidate the Commission's action. See Hyatt v. Zoning Board of Appeals, 163 Conn. 379, 387; Akin v. Norwalk, supra, 73, 74. See also Farr v. Eisen, 171 Conn. 512,515.
The statute does not preclude a zoning commission from publishing more than one legal notice, as long as the legal notice is published within 15 days after the commission makes its decision. This prevents the Commission from reviving the right to take an appeal long after the initial appeal period expired merely by publishing a second legal notice. Akin v. Norwalk, supra, 75. This did not occur here as both notices were published within 15 days from the Commission's approval of the site plan.
If the first legal notice had never been published or is disregarded the appeal here was clearly brought on time, namely within 15 days of publication of the legal notice, as required by section 8-8(b) C.G.S. It would be unreasonable to punish the plaintiff because the Commission's agent made a decision to publish a second legal notice, even though the second notice was not required and the Commission's agent was under the mistaken belief that the first notice had not been published. An appeal within 15 days after publication of the second legal notice complies with section 8-8(b). The CT Page 1717 plaintiff should not be thrown out of court when the Commission has shot itself in the foot by giving the plaintiff a second chance to appeal.
The motion to dismiss is denied.
ROBERT A. FULLER, JUDGE