[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff Lawrence Nadeau appeals the decision of the Neighborhood Rehabilitation Advisory Board of the City of Meriden denying the plaintiff's application for a certificate of building code compliance for rental property he owns in the city. In denying the plaintiff's application, the board affirmed the decision of the city's building code enforcement officer, which was based on the plaintiff's failure to comply with lead CT Page 4276 abatement orders issued by the city's health department. Presently before the court is the defendants' motion to dismiss.
In its motion, the defendant city contends that the plaintiff's appeal is governed by the provisions of General Statutes § 8-208a and that the plaintiff failed to take his appeal within the time prescribed by that statute.
Section 8-208a provides, in relevant part, as follows:
 any person . . . aggrieved by any decision of a housing code board of appeals . . . may, within fifteen days from the date of such decision, take an appeal to the superior court of the judicial district in which such municipality is located. . . .
Section 125-51 of the Meriden City Code establishes the Neighborhood Rehabilitation Advisory Board as the board to hear appeals of decisions of building code enforcement officers.
The court concludes that the board is the "housing code board of appeals" within the meaning of § 8-208a. Accordingly, appeals of the board's decisions are governed by the provisions of that statute quoted above.
Certain facts essential to the court's ruling on the defendant's motion are not in dispute. On December 12, 1996, the board met to consider the plaintiff's appeal of the code enforcement official's decision. In the presence of the plaintiff and his attorney, the board voted to affirm the official's decision. It is that action of the board that is the subject of this appeal by the plaintiff to the court. On December 13, 1996, the board sent written notice of its decision to the plaintiff by FAX and by certified mail. The letter was received by the plaintiff on December 14.
On December 31, 1996, the plaintiff served this appeal on the defendant board. On January 6, 1997, the plaintiff filed the appeal with the clerk of the Superior Court, judicial district of Hartford/New Britain.
Based on the facts set forth above, which are not in dispute, the court finds that the appeal was served on the defendants nineteen days after the board rendered its decision, eighteen CT Page 4277 days after the board FAXed and mailed notice of the decision to the plaintiff, and seventeen days after the plaintiff received the notice of the decision in the mail. The plaintiff filed the appeal in the court six days later.
Appeals from administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right. Tarnapol v. Connecticut Siting Council,212 Conn. 157, 163-164 (1989); Bridgeport Bowl-O-Rama v. ZoningBoard of Appeals, 195 Conn. 276, 283. Failure to appeal within the time prescribed by statute deprives the court of jurisdiction over the subject matter of the appeal. Id.
In opposition to the defendants' motion, the plaintiff argues that he was misled by town officials when his attorney inquired about the appeal procedure. This argument may not be sustained. The appeal process is clearly set forth in the statutory and city ordinance provisions quoted or summarized above. The city officials had no power to determine what that process should be, nor did they have any obligation to give the plaintiff or his attorney advice on how to comply with the appeal process.
In the alternative, the plaintiff argues that the provisions of General Statutes § 4-183, containing the appeals provisions of the Uniform Administrative Procedure Act, apply in this case. That argument also may not be sustained. Section 4-183
applies only to decisions of state agencies, not decisions of municipal agencies.
As is apparent from the chronology of the proceedings in this case, the plaintiff did not "take an appeal" of the board's decision "within fifteen days from the date of such decision." Accordingly, in line with the cases cited above, this court lacks subject matter jurisdiction over the appeal.
The motion to dismiss is granted.
MALONEY, J.