[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Frank Kershaw, appeals a decision of the defendant, Zoning Board of Appeals of the City of Danbury, which denied the plaintiff's appeal from a cease and desist order issued by the Zoning Enforcement Officer of the City of Danbury. The Board acted pursuant to §§ 4.A.2, 4.A.3, 8.C.1.c, and 10.B.1 of the City of Danbury Zoning Regulations. The plaintiff appeals pursuant to § 8-8 of the General Statutes.
The plaintiff is the owner of an undivided one-half interest in property located at 1 Indian Avenue, Danbury, Connecticut, the site of the Board's decision. On or about April 26, 1996, the Zoning Enforcement Officer (ZEO) of Danbury issued a cease and desist order to the plaintiff which provides that: "Additions have been added to the structure without proper permits in violation of setback requirements." The cease and desist order related to several additions to the plaintiff's house: a rear addition, shown as a "proposed addition" on the maps submitted by the plaintiff; a "deck/breezeway" on the left side of the dwelling as viewed from Indian Drive and referred to on map as a "deck"; a "deck/porch" on the right side of the building viewed from Indian Avenue as shown on map; and a garage addition on the CT Page 13819 left side, now attached to the deck/breezeway and not shown on any maps. The only additions that concern this appeal are the deck/porch and the deck/breezeway.[1] It is important to note that the parties disagree on the completion date of said additions.[2]
On May 23, 1996, the defendant voted to uphold the decision of the ZEO and deny the plaintiff's appeal. The decision was published in the News-Times on June 22, 1996. The decision letter was not mailed to the plaintiff however, until July 1, 1996, more than fifteen days after the date the decision was rendered.
The plaintiff appeals, in part, on the ground that the defendant acted illegally, arbitrarily and capriciously in denying plaintiff's appeal because uncontroverted evidence established that the "additions" claimed to be in violation of the zoning regulations of the City of Danbury were, in fact, legal nonconforming buildings pursuant to the provisions of General Statutes § 8-13a. Section 8-13a of the General Statutes provides in pertinent part: "[W]hen a building is so situated on a lot that it violates a zoning regulation of a municipality which prescribes a minimum area of the lot, and when such building has been so situated for three years without the institution of an action to enforce such regulation, such building shall be deemed a nonconforming building in relation to . . . the area of such lot." Therefore, in order for the plaintiff's decks to come within the protection of § 8-13a, the decks must be classified as "buildings," and the "buildings" must have been completed at least three years prior to the institution of this action. Furthermore, the plaintiff has the burden of proving the existence of a nonconforming use.Pleasantview Farms Development Inc. v. Zoning Board of Appeals ofthe Town of Wallingford, 218 Conn. 265, 272, 588 A.2d 1372
(1991).
Plaintiff argues that the term "building" in General Statutes § 8-13a encompasses the deck/porch and deck/breezeway.[3]
Section 8-13a does not define building, however, the Danbury Zoning Regulations do provide a definition.[4] The plaintiff argues that in the absence of express legislative intent or statutory directive, a local zoning ordinance definition should not control in applying and interpreting a state statute.
It does not appear that Connecticut's Appellate Courts have provided a definition. However, "[i]n the absence of ambiguity, CT Page 13820 statutory language should be given its plain and ordinary meaning." Pintavalle v. Valkanos, 216 Conn. 412, 416-417,581 A.2d 1050 (1990). The American Heritage Dictionary 174 (New College Edition 1976), defines "building" as "[s]omething that is built; a structure, an edifice," but Webster's 3rd International Dictionary defines building as "a constructed edifice . . . covered by a roof and more or less completely enclosed by walls, and serving as a dwelling, storehouse, factory . . . ." At the Superior Court level, courts have attached various definitions to the term "building."[5]
In the present case, the Danbury Zoning Regulations define building.[6] Likewise, in a case where a local zoning ordinance defined "building," the Superior Court applied that definition.Grogan v. Zoning Board of Appeals, Superior Court, judicial district of New London at Norwich, Docket No. 098506, 6 CONN. L. RPTR. 452 (May 21, 1992) (Purtill, J.) (the Superior Court applied a local zoning ordinance's definition of "building" and held that a "deck" did not fit within that definition, however, the local ordinance definition was not being applied to a state statute, as in the present case).
The plain and ordinary meaning of the term "building" fits within the definition of "building" as defined by Danbury's regulations. There was sufficient evidence before the ZBA for it to use the Danbury Zoning Regulation's definition of "building" to determine whether the plaintiff's deck/breezeway and deck/porch classify as "buildings" under General Statutes §8-13a.
While the definition of words used in an ordinance such as "building" may be determined as a matter of law, whether or not a particular entity comes within the definition is a question of fact. Jeffery v. Planning Zoning Board, 155 Conn. 451, 454,232 A.2d 497 (1967). At the hearing, the defendant heard testimony from Wayne Skelly, the ZEO, describing the deck/breezeway and deck/porch. Also Robert Tarsi, of the City of Danbury Building Department, introduced photographs he had taken of the structures. The Board's decision to uphold the ZEO's issuance of the cease and desist order is amply supported by evidence in the record.
Second, the plaintiff argues that the deck/porch and deck/breezeway have been in existence for more than three years without the commencement of legal action by the ZEO. As to the CT Page 13821 "deck/porch" on the right side, Robert Tarsi, of the City of Danbury Building Department, introduced photographs he had taken in April, 1996 which display open rafters. Wayne Skelly, the ZEO, testified that in 1994 there was an open porch and now it is in the process of being roofed over. The court finds that the Board's decision to uphold the ZEO's issuance of the cease and desist order is also supported by the evidence in the record.
As to the "deck/breezeway" on the left of the house, Tarsi testified that he had issued numerous "red tags," i.e., stop work orders, for the breezeway area in 1993 and 1994. He also introduced log book entries with references to the stop work orders. There was sufficient evidence for the Board to conclude that the deck was not completed more than three years prior to the commencement of action.
The plaintiff further appeals, in part, on the ground that the defendant failed to mail notice of its decision to the plaintiff in derogation of General Statutes § 8-7. General Statutes § 8-7 provides that a ZBA shall issue notice of its decision in the following way: "Notice of the decision of the board shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to any person who appeals to the board, by its secretary or clerk, under his signature in any written, printed, typewritten or stamped form, within fifteen days after such decision has been rendered."
The ZBA rendered its decision denying the plaintiff's appeal on June 13, 1996. Notice of the decision was published in the News-Times on June 22, 1996. The plaintiff claims in his brief that the certified mailing to him was dated July 1, 1996, more than fifteen days after the decision was rendered of the appeal of the decision.
General Statutes § 8-7 has two purposes: (1) to give notice to interested parties of the decision, and (2) to commence the start of the fifteen day appeal period. Sharp v. Zoning Boardof Appeals of the Town of Easton, 43 Conn. App. 512, 525,684 A.2d 713 (1996), citing Akin v. Norwalk, 163 Conn. 68,301 A.2d 258 (1972). Furthermore, in Bridgeport Bowl-O-Rama Inc. v. ZoningBoard of Appeals of the City of Bridgeport, 195 Conn. 276, 281,487 A.2d 559 (1985), the Connecticut Supreme Court stated the purpose that notice is meant to serve: "The right of appeal, if it is to have any value, must necessarily contemplate that the CT Page 13822 person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." (Internal quotation marks omitted.)
In the present case, the plaintiff received actual notice of the appeal, and commenced his appeal by service of process on July 3, 1996, within the fifteen day appeal period. Therefore, the purposes of General Statutes § 8-7 were satisfied and the plaintiff was not harmed. The appeal is dismissed.
Mihalakos, J.