[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Anthony J. Pirone and Patsy Pirone, appeal from a decision of the defendant, the Zoning Board of Appeals of the Town of New Canaan (ZBA). In that decision, the ZBA granted the co-defendant, Nursing and Home Care, Inc.'s (Home), application for a variance from the New Canaan zoning regulations. Specifically, the ZBA varied a three foot side yard set-back requirement to one foot. This variance, in turn, allowed the defendant Home to build a fire escape at that side yard location.
At the appeal hearing, this court found that the plaintiffs have pleaded and proven that they are aggrieved and have standing to maintain the instant appeal. See Winchester Woods Associatesv. Planning Zoning Commission, 219 Conn. 303, 308, 592 A.2d 953
(1991); Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals,195 Conn. 276, 283, 487 A.2d 559 (1985). The court also finds that the defendants were timely served in the manner proscribed by statute. See General Statutes § 8-8.
The relevant background facts regarding this matter are as follows: The defendant Home operates a thrift shop located at 2 Locust Avenue in New Canaan, Connecticut. This premises has two floors. The Fire Marshal of the Town of New Canaan informed the Home that if it desired to expand the thrift shop to the second floor, it was required to build a fire escape. The Home determined that the best location for the escape was on the west side of the building, facing the plaintiffs' property. However, in order to gain approval for the building of the escape, the Home was instructed by the Zoning Board to obtain a side yard set-back variance from the ZBA.
Two public hearings were held regarding the Home's application for the variance. The first occurred on April 7, 1997. The second occurred on May 5, 1997. Following considerable testimony and discussion at those two hearings, on June 2, 1997, the ZBA voted to grant the variance.
The plaintiffs argue that the decision of the ZBA to grant the defendant's variance should be overturned based on two reasons: 1) the defendant failed to present to the ZBA the existence of a genuine hardship and 2) the ZBA improperly considered ex parte correspondence received after the public hearings were closed. CT Page 6323
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established." Bloomv. Zoning Board of Appeals, 233 Conn. 198, 205, 658 A.2d 559
(1995). The trial court must determine whether the board's action was "arbitrary, illegal or an abuse of discretion." Id., 205-06. "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing[.]" (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra, 233 Conn. 206. "Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Id. "The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." (Internal quotation marks omitted.) Id.
The record reveals that the ZBA held two lengthy hearings regarding this matter. The court has reviewed the transcript of the hearings held on April 7, 1997 and May 5, 1997. At the first hearing, the ZBA questioned the defendant regarding what its hardship was, and whether alternate options were available to it. The plaintiff, Anthony Pirone, was heard in opposition to the granting of the variance. At the end of the first hearing, a member of the board told a representative of the defendant Home: "You might want to think about this."
At the second hearing, the ZBA accepted more testimony regarding other possibilities for the location of the escape. And, on June 2, 1997, following a vote at the business meeting of the board, the chairperson Deadrick announced that the "Board in the majority votes to grant the variance in the belief that the applicant has demonstrated a valid architectural hardship that the only location for the outside stairway is on the west side. . . ."
"Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it. . . . [This] applies where the agency has rendered a formal, official, collective statement of reasons for its action." Bloom v. Zoning Board of Appeals, supra, CT Page 6324233 Conn. 208.
In the present case, even if the court were to agree with both of the plaintiffs' arguments, it would be inappropriate for the court to overturn the ZBA's decision. A zoning board of appeals "is endowed with a liberal discretion." Francini v.Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519 (1994). The court reviews the board's actions "only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Id.
"Our law governing variances is well settled. Section 8-6
(a)(3) provides in relevant part that a zoning board of appeals may `determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship. . . .'" (Emphasis deleted.) Reidv. Zoning Board of Appeals, supra, 235 Conn. 856-57, quoting General Statutes § 8-6 (a)(3).
General Statutes § 8-6 authorizes "a zoning board of appeals to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.)Bloom v. Zoning Board of Appeals, supra, 233 Conn. 207.
"To support the granting of a variance, a hardship must arise from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control." Stillman v.Zoning Board of Appeals, 25 Conn. App. 631, 636, 596 A.2d 1, cert. denied, 220 Conn. 923, 923, 598 A.2d 923 (1991). CT Page 6325
In the present case, the Board determined that a hardship was created for the defendant Home when the Fire Marshal required the installation of a fire escape. The court agrees with the defendants that this is a condition "outside the property owner's control." The Board also determined that there was only one location for the fire escape, thereby requiring it to grant the set-back variance. There is sufficient evidence in the record to support the Board's finding. The court need not address every proposed location for the fire escape discussed before the Board. It is enough that the Board considered the alternative options presented to it, and rejected them all.
The plaintiffs' second argument is similarly without merit. The plaintiffs claim that the Board improperly considered two ex parte communications received following the closing of the public hearings regarding the defendant Home's application. The first communication is a letter sent by Hilda DeLucia, the Director of Volunteer Services at the Home. The second communication is a memo written by Charles Jacob, the architect who argued in support of the variance at the hearings.
"Our law clearly prohibits the use of information by a municipal agency that has been supplied to it by a party to a contested hearing on an ex parte basis." Emphasis in original.Norooz v. Inland Wetlands Agency, 26 Conn. App. 564, 569,602 A.2d 613 (1992). This is because "[d]ue process of law requires that the parties involved have an opportunity to know the facts on which the [agency] is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Id.
In the present case, the plaintiffs have failed to provide evidence which indicates to the court that the Board used the ex parte information when rendering its decision. In fact, the only evidence presented which the plaintiffs assert indicates that the Board used the information is that the "Chairman of the Board throughout the hearings appeared to be against the application, but ultimately voted in its favor." This, however, is not evidence that the Board used, or even saw the ex parte documents.
The court will assume for a moment that the plaintiffs have proven that the documents were seen by the Board. The court is mindful of the law requiring that once an ex parte communication is received "the burden shifts to the agency to prove that no prejudice has resulted from the prohibited ex parte CT Page 6326 communication." Blaker v. Planning Zoning Commission,212 Conn. 471, 479, 562 A.2d 1093 (1989). Here, both documents contain information which was already presented at the public hearings. DeLucia states in her letter that she is "gravely concerned" about an alternate proposed exit presented at the hearings. She also briefly reiterates the merits of the now accepted fire escape. Jacob simply reiterates in his memo what was presented at the hearings. In fact, the document begins with the heading: "IN REVIEW." A review of the documents concludes, therefore, that the Board was not presented with any new arguments which would have required additional rebuttal. And, even if the Board reviewed the documents, no prejudice could have resulted from the ex parte communications.
Recalling, once again, that "decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing"; (Internal quotation marks omitted) Bloom v. Zoning Board of Appeals, supra,233 Conn. 206; the court is satisfied that the board exercised honest judgment after a full hearing. Further, the board's decision is well supported by the record. As such, the plaintiffs' appeal is dismissed.
KARAZIN, J.