[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, John Black Lee, appeals from two decisions of the defendant, the Wilton Zoning Board of Appeals ("ZBA"), in which the ZBA denied the plaintiff's appeal from the Wilton Zoning Enforcement Officer's ("ZEO") refusal to issue a zoning permit to the plaintiff, and denied the plaintiff's request for a variance from the zoning regulations.
The plaintiff's property consists of 2.94 acres, 1.79 acres of which is in Wilton and 1.15 acres of which is in New Canaan. (Return of Record of Appeal No. 93-06-19 [ROR-06], Item 1: Letter from John Black Lee to Jerry Juretus). The Wilton and New Canaan lots straddle the town line and are separated by the Silvermine River. (ROR-06, Item 26: Map Prepared for Lee). The plaintiff sought to create a residential building lot in Wilton. (ROR-06, Item 1). The lot is located in an R-2A single family residential zone, which requires a minimum lot size of two acres and a minimum average lot width of 200 feet. (Return of Record for Application No. 93-07-23 [ROR-07], Item 1: Residential Variance Application; ROR-07, Item 9: Legal Notice of Public Hearing). In May, 1993, the plaintiff requested the Zoning Officer of Wilton CT Page 6798 to issue a zoning permit for the Wilton parcel, which was denied on May 28, 1993. (ROR-06, Item 1: Letter from Robert Flouton). The plaintiff filed an application for appeal with the Zoning Board of Appeals on May 18, 1993. (ROR-06, Item 3: Letter from John Black Lee to Robert Flouton and Notice of Appeal). On June 15, 1993, the plaintiff filed an application with the ZBA for a variance from the lot size and width requirements to permit the use of the property as a preexisting nonconforming residential building lot. (ROR-07, Item 1: Residential Variance Application). The applications were heard on September 13, 1993, on which date both applications were denied. (ROR-06, Item 25: Minutes of ZBA Meeting).
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) BridgeportBowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276, 283,487 A.2d 559 (1985). The statutory provisions are mandatory and jurisdictional in nature and failure to comply will result in the dismissal of an appeal. See Simko v. Zoning Board of Appeal,206 Conn. 374, 377, 538 A.2d 202 (1988).
"Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal." Med-Trans of Connecticut, Inc. v.Department of Public Health Addiction Services, 242 Conn. 152,158, 699 A.2d 142 (1997). An owner of the subject property is aggrieved and entitled to bring an appeal. See Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 308,592 A.2d 953 (1991).
The plaintiff alleges in his appeal that he "is the owner of tax assessor's Lot No. 6 on Assessor's Map 136 in Wilton, Connecticut." (Appeal, ¶ 1). Therefore, the plaintiff has properly pleaded aggrievement. In addition, at the hearing held on March 19, 1998, the plaintiff established that he is aggrieved by the decision of the ZBA through testimony that he is the owner of the property in question. Therefore, the court finds the plaintiff is aggrieved and as such has standing to maintain the instant appeal.
In addition, under General Statutes § 8-8 (b), an "appeal shall be commenced by service of process . . . within fifteen CT Page 6799 days from the date that notice of the decision was published." The plaintiff alleges that the defendant heard and denied the plaintiff's appeal on September 13, 1993. (Appeal, ¶ 5). Notice of the decision was published on September 22, 1993. (ROR-06, Item 24: Certificate of Publication; ROR-07, Item 15: Certificate of Publication). Pursuant to General Statutes § 8-8 (e), service was made on Joan M. Ventres, Assistant Town Clerk of Wilton, and on Craig Benepe, Chairman of the Zoning Board of the Town of Wilton, on September 23, 1993. The plaintiff's appeal was therefore timely and service was made on the proper parties.
"The standard of review on an appeal from a zoning board's decision . . . is well established." Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 205, 658 A.2d 559 (1995). The trial court must determine whether the board's action was "arbitrary, illegal or an abuse of discretion." Id., 205-06. "Courts are not to substitute their judgment for that of the board. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." (Internal quotation marks omitted.) Id., 206.
"Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it. . . . Where a zoning board of appeals does not formally state the reasons for its decision, however, the trial court must search the record for a basis for the board's decision." (Citation omitted; internal quotation marks omitted.) Id., 208.
In count two of the appeal, the plaintiff challenges the decision of the ZBA in denying the plaintiff's appeal from the ZEO's refusal to certify the plaintiff's parcel as a preexisting nonconforming lot and the consequent denial of a zoning permit to the plaintiff.[1] The plaintiff appeals, inter alia, on the grounds that the ZBA acted illegally, arbitrarily and in abuse of its discretion in that: (1) the ZBA ignored the fact that the lot existed at least since 1904 in its present configuration, prior to the adoption of the zoning regulations, and subsequently became nonconforming; (2) the ZBA ignored Section 29-10E of the CT Page 6800 Wilton zoning regulations protecting such non-conformity; and (3) the ZBA ignored Connecticut precedent protecting such nonconformity. In count four of the appeal, the plaintiff challenges the ZBA's denial of the plaintiff's request for a variance from the zoning regulations on the grounds that the ZBA acted illegally, arbitrarily and in abuse of its discretion in that, inter alia, the ZBA ignored the practical difficulties of and unusual hardship peculiar to the plaintiff's property.[2]
The ZBA did not articulate a reason for its denial of the plaintiff's appeal from the ZEO's refusal to issue the plaintiff a zoning permit. (ROR-06, Item 25: Minutes of ZBA Meeting; ROR-07, Item 16: Minutes of ZBA Meeting). Therefore, the court must search the record for a basis for the ZBA's decision. See Bloomv. Zoning Board of Appeals, supra, 233 Conn. 208.
"[F]ollowing an appeal from the action of a zoning enforcement officer to a zoning board of appeals, a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning enforcement officer, but on the decision of the board and the record before the board." Casertav. Zoning Board of Appeals, 226 Conn. 80, 82, 626 A.2d 744
(1993).
General Statutes § "8-2 protects the right of a user to continue the same use of the property as it existed before the date of the adoption of the zoning regulations. . . . Such a use is permitted because its existence predates the adoption of the zoning regulations." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Bauer v. Waste Management ofConnecticut, 234 Conn. 221, 240, 662 A.2d 1179 (1995). A nonconformity is defined as a "use or structure prohibited by the zoning regulations but . . . permitted because of its existence at the time that the regulations are adopted." Adolphson v.Zoning Board of Appeals, 205 Conn. 703, 710, 535 A.2d 799 (1988). In order to be considered a nonconforming use, the use must be: (1) lawful; and (2) in existence at the time the zoning regulations making the use nonconforming were enacted. SeeCummings v. Tripp, 204 Conn. 67, 91-92, 527 A.2d 230 (1987);Helicopter Associates, Inc. v. Stamford, 201 Conn. 700, 712,519 A.2d 49 (1986). In order to qualify as an "existing use," the premises must be utilized in such a manner as to be known in the neighborhood as used for a given purpose. DiBlasi v. Zoning Boardof Appeals, 224 Conn. 823, 831, 624 A.2d 372 (1993). "For a use to be `known in the neighborhood,' not only must the premises CT Page 6801 have been adapted for a given purpose, but the premises must also have been employed within that purpose." Helicopter Associates,Inc. v. Stamford, supra, 201 Conn. 714. "It is well established that [t]o be a nonconforming use the use must be actual. It is not enough that it be a contemplated use [or] that the property was bought for the particular use. The property must be so utilized as to be irrevocably committed to that use." (Internal quotation marks omitted.) Bauer v. Waste Management ofConnecticut, supra, 234 Conn. 240; see also HelicopterAssociates, Inc. v. Stamford, supra, 201 Conn. 713. "The [property owner] bears the burden of proving the existence of a nonconforming use." (Internal quotation marks omitted.) Bauer v.Waste Management of Connecticut, supra, 234 Conn. 240.
There is no indication in the record that the lot has ever actually been used as a residential building lot even though such use may have been contemplated prior to the adoption of the zoning regulations or amendments. The plaintiff has therefore failed to meet his burden of proving the existence of a nonconforming use.
In addition, Section 29-10E of the Wilton zoning regulations does not mandate that a zoning permit be issued if the regulation is met. Section 29-10E of the Wilton zoning regulations provides that: "A permit may be issued for a permitted use or structure on a lot which does not meet the minimum area or dimensional requirements of these regulations, provided that: (1) The lot existed as a separate lot as of the effective date of these regulations or any pertinent amendment thereto which made it undersized, and was so recorded on the Assessor's records or the land records of the town. (2) The lot met the zoning requirements at the time the deed to the lot was recorded. (3) The owner of such lot did not at the time of the adoption of these regulations or any pertinent amendment thereof, own other land contiguous thereto. [If this is the case, such of the land, or so much thereof as may be necessary, shall be combined with the first-named lot in such a manner as to produce one (1) or more conforming lots.] (4) All yard setbacks and other requirements of these regulations are complied with, insofar as possible, at the time of obtaining said permit." (Brackets in original; emphasis added.)
As the defendant further notes, the regulation goes on to provide that the granting of a permit is conditioned upon the fact that the owner of the lot did not at the time of the CT Page 6802 adoption of the regulations own other land contiguous thereto. See Wilton Zoning Regs., § 29-10E (3). Accordingly, the court finds that the plaintiff has failed to meet his burden of demonstrating that the ZBA acted improperly in denying his appeal from the ZEO's refusal to issue a zoning permit.
The ZBA "tersely declared only"; Grillo v. Zoning Board ofAppeals, 206 Conn. 362, 369, 537 A.2d 1030 (1988); that it denied the plaintiff's variance application because "sufficient hardship had not been demonstrated." (ROR-06, Item 25: Minutes of ZBA Meeting; ROR-07, Item 16: Minutes of ZBA Meeting). Therefore, the court should search the record to find a basis for the ZBA's decision. See Grillo v. Zoning Board of Appeals, supra,206 Conn. 369.
"Variances are, in a sense, `the antithesis of zoning.'"Simko v. Ervin, 234 Conn. 498, 505, 661 A.2d 1018 (1995), quoting T. Tondro, Connecticut Land Use Regulation (2d Ed. 1992) p. 124. "Our law governing variances is well settled. Section 8-6 (a)(3) [of the General Statutes] provides in relevant part that a zoning board of appeals may `determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where,owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusualhardship. . . .' (Emphasis added.) A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. . . . Thus, the power to grant a variance should be sparingly exercised. . . . An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." (Internal quotation marks omitted.) Reid v. Zoning Board ofAppeals, 235 Conn. 850, 670 A.2d 1271 (1996).
The plaintiff argues that unusual hardship exists because, due to the shape, size and topography of the property, the land would be rendered unusable upon the application of the zoning CT Page 6803 regulations. Indeed, "[a] hardship resulting from the peculiar topography or condition of the land or a particular location which makes the property unsuitable for the use permitted in the zone in which it lies may well be . . . a hardship. " (Internal quotation marks omitted.) Fiorilla v. Zoning Board of Appeals,144 Conn. 275, 280, 129 A.2d 619 (1957). However, "[a] mere economic hardship or a hardship that was self-created . . . is insufficient to justify a variance . . . and neither financial loss nor the potential for financial gain is the proper basis for granting a variance." (Citations omitted.) Bloom v. Zoning Boardof Appeals, supra, 233 Conn. 208. In addition, "`limitations imposed by the shape of the lot do not in themselves create a hardship. '" Id., 210, quoting T. Tondro, Connecticut Land Use Regulation (2d Ed. 1993 Sup. ) p. 29.
The court finds that the plaintiff has failed to demonstrate that there exists a peculiar topography or condition on the land which establishes hardship. In fact, the record is devoid of any evidence of the existence of an unusual hardship. Therefore, the plaintiff has failed to demonstrate that the ZBA acted improperly in denying the variance.
Accordingly, the plaintiff's appeal is dismissed.
So Ordered.
John J. P. Ryan Judge of the Superior Court.