[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. FACTS
The plaintiffs, the East Windsor Board of Selectmen and Linda Roberts, First Selectwoman of the town of East Windsor, appeal the decision of the East Windsor Planning and Zoning Commission (commission) granting the zone change application of the defendant Vito Cortese. The facts pertinent to this appeal are as follows:
Pauline T. Putriment is the owner of a 1.35 acre parcel of land located at 80-82 South Main Street, East Windsor. See Amended Complaint and Appeal, ¶ 3.[1] The town of East Windsor is the owner of property located at 70-76 South Main Street, East Windsor. See id., ¶ 1. On January 12, 1998, Cortese applied to the commission for a zone change of the property located at 80-82 South Main Street, and a portion of the property located at 70 South Main Street, from a residence zone (R-3) to a business district (B-2) (combination multi-family residence and small engine repair) (Return of Record for Appeal [ROR], Item 1: Zone Change Map; ROR Item 2: Application for Zone Change). The application was signed by Putriment and Cortese. (ROR, Item 2).
On February 10, 1998, the commission held a public hearing on the application. (ROR, Item 7: Minutes of Commission Meeting Held on February 10, 1998; ROR, Item 10: Transcript of Public Hearing). The commission heard discussion and testimony in favor of the application from Cortese and Professional Engineer Jay Ussery. (ROR, Item 7, pp. 7-10; ROR, Item 10, pp. 1-11). Town CT Page 9113 Planner Jose Giner submitted a memorandum to the commission suggesting the approval of the application. (ROR, Item 5: Memorandum from Giner to Commission Dated February 10, 1998). The commission also heard public comment in favor of the application. (ROR, Item 7, p. 10; ROR, Item 10, p. 12). After the close of the public hearing, the commission voted unanimously to approve, the zone change application. (ROR, Item 7, p. 10; ROR, Item 10, pp. 12-13)
The plaintiffs allege that legal notice of the commission's decision was published in the Journal Inquirer on February 17, 1998. (ROR, Item 8: Legal Notice); see also Amended Complaint and Appeal, ¶ 7. On March 3, 1998, the plaintiffs filed this appeal.
 II. JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a planning and zoning commission to the Superior Court. Section 8-8 (b) provides that any person aggrieved by a decision of a commission may bring an appeal.
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly. Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). Because the issue of aggrievement implicates subject matter jurisdiction, it can be raised at any time and must be addressed by the court before it reaches a consideration of the merits. See id., 192-93. The plaintiff bears the burden of proving aggrievement. See Spero v.Zoning Board of Appeals, 217 Conn. 435, 440, 586 A.2d 590 (1991).
The citation[2] in the present case lists as plaintiffs (1) the East Windsor Board of Selectmen (Board of Selectmen); and (2) Linda Roberts, First Selectwoman of the town of East Windsor (Roberts). Similarly, ¶ 1 of the amended complaint states: "The plaintiffs are the East Windsor Board of Selectmen and Linda Roberts, First Selectwoman of the Town of East Windsor. . . ." Accordingly, the court must determine if either the Board of Selectmen or Roberts is aggrieved.
Under General Statutes § 8-8 (a)(1), "`aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." "Aggrieved person" also "includes any officer, department, board or bureau of the municipality charged CT Page 9114 with enforcement of any order, requirement or decision of the board." Id.
The plaintiffs' amended complaint alleges that the town of East Windsor owns a parcel of land that abuts the property that was the subject of the application. See Amended Complaint and Appeal, ¶ 1. The amended complaint further alleges that Roberts was authorized by the Board of Selectmen to take the appeal, and that the Board of Selectmen and Roberts have control and responsibility for all town-owned real estate. See id. The plaintiffs previously submitted a copy of the deed showing the town of East Windsor as the owner of the abutting parcel as well as a certificate of title to the same effect. See Supplemental Memorandum of Law in Support of Plaintiff's Objection to Defendant's Motion to Dismiss, Exhibit C.[3]
While there appears to be no dispute that the town of East Windsor owns land that abuts that of the defendant applicant, the town of East Windsor is not named as a plaintiff in the present appeal. In general, actions by a municipal corporation should be brought in its corporate name rather than in the name of its council or officers. See 17 E. McQuillin, Municipal Corporations (3rd Ed. Rev. 1993) § 49.16, p. 249; 64A C.J.S., Municipal Corporations § 1943 (1999).[4] Similarly, while the plaintiffs may be responsible for the control and maintenance of town-owned property, this does not provide them with the ability to sue in their names rather than the town's name in actions involving town property. See 3 C.J.S., Agency § 473 (1973) ("According to the general rule, a mere agent, having only the care and oversight of real estate, cannot maintain an action in his own name relating to such property."). The plaintiffs have not produced any evidence that either the Board of Selectmen or Roberts owns any land which abuts the defendant's property. Thus, while it is possible that the town of East Windsor is aggrieved on the basis of its ownership of abutting land, neither of the plaintiffs named in this appeal are aggrieved on this ground.
In addition, neither the Board of Selectmen nor Roberts is aggrieved as the party responsible for carrying out the orders, requirements or decisions of the commission. The party responsible for enforcing zoning orders or decisions is set forth by the zoning commission. See Vinci v. Southington Zoning Board, Superior Court, judicial district of Hartford at New Britain, Docket No. 458642 (September 12, 1994, Goldberg, J.) (12 Conn. L. Rptr. 410) (9 C.S.C.R. 1121) (holding that mayor is not aggrieved CT Page 9115 where zoning regulations designated town planner as zoning enforcement officer) The East Windsor zoning regulations provide that the Zoning Enforcement Officer, not the Board of Selectmen or First Selectwoman, is responsible for enforcing the zoning regulations. See East Windsor Zoning Regs., § 13.1.1.
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it was created." Bridgeport Bowl-O-Rama, Inc. v. Zoning Board ofAppeals, 195 Conn. 276, 283, 487 A.2d 559 (1985). In the present action, neither of the named plaintiffs have presented evidence establishing aggrievement. Accordingly, the court lacks subject matter jurisdiction over this action, and the appeal is dismissed.
Klaczak, J.