[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#105)
On October 25, 2001, the plaintiff, Thomas P. Clifford filed an amended appeal from the August 27, 2001 decision by the defendant, the Ansonia planning and zoning commission (commission), approving a site plan application of the defendant, Complete Construction Company, Inc. (Complete), to store explosives on property located at One River Street in Ansonia, Connecticut. Clifford alleges that he is aggrieved by the decision of the commission because he owns and resides on land which abuts the subject property.
On November 28, 2001, Complete filed a motion to dismiss the appeal on the ground that the court lacks subject matter jurisdiction. Specifically, Complete claims that the appeal actually seeks to challenge the commission's June 29, 1998 approval, with conditions, of another CT Page 5582 Complete site plan, rather than the commissions approval of the August 27, 2001 site plan. Accordingly, Complete maintains that the court lacks subject matter jurisdiction because an appeal from the 1998 decision is untimely and because Clifford failed to exhaust his administrative remedies with respect to the earlier decision. Complete also claims that Clifford lacks standing to appeal based on allegations that Complete failed to comply with the conditions of the 1998 site plan approval because only the commission can determine or compel compliance with such conditions. In addition, Complete moves on the ground that General Statutes § 29-349[1] confers exclusive jurisdiction on the department of public safety fire marshal's office to regulate explosives and blasting agents. Consequently, Complete argues, the commission's November 28, 2001 site plan approval "was pre-empted and of no force and effect and the Court lacks jurisdiction to hear an appeal." Finally, Complete moves on the ground that Clifford has attempted to untimely amend the appeal to incorporate a new ground. As required by Practice Book § 10-31, Complete filed a memorandum in support of its motion to dismiss and Clifford timely filed a memorandum in opposition.
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 410-11, 722 A.2d 271 (1999).
General Statutes § 8-8 governs appeals taken from the decisions of a zoning commission to the superior court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.)Bridgeport Bowl-O-Rama v. Zoning Board of Appeals, 195 Conn. 276, 283,487 A.2d 559 (1985). General Statutes § 8-8 (b) provides, in part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) [now subsections (f) and (g)] of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." (Emphasis added.) CT Page 5583
 A Timeliness
Clifford alleges that he is aggrieved by the commission's August 27, 2001 decision approving Complete's application to store explosives on property located at One River Street in Ansonia because he is the owner of real estate that abuts the subject property. Clifford further alleges that "notice of such decision was duly published in a newspaper on September 3, 2001." This appeal was commenced on September 17, 2001, by service of process on William Schuchmann, chairman of the commission, upon Linda VanValkenburg, assistant town clerk of the town of Ansonia, and upon Complete's agent for service of process. The appeal, therefore, was commenced within the statutory fifteen days from the date that notice of the decision was published.
Complete's assertion that Clifford's appeal is actually an appeal of the commission's June 29, 1998 approval of a different site plan application is entirely without merit. As stated above, Complete, citing to Clifford's appeal, contends that Clifford attempts to challenge the commission's approval of a June 29, 1998 site plan application. Paragraph 7(d)(2) provides, in pertinent part, that "[t]he site plan approval is inconsistent and at variance with the site plan approval for this site granted by the Commission to the Applicant on June 29, 1998. . . ." Upon reviewing this paragraph in the context of the entire appeal, it is submitted that Clifford has invoked the 1998 site plan merely to bolster his claim that the 2001 site plan, to the extent that it is allegedly inconsistent with the 1998 site plan, should not have been approved.[2]
Complete also asserts that "the plaintiff lacks standing to bring an appeal based upon allegations that . . . [Complete] failed to comply with conditions of approval imposed by [the Commission] with respect to the June 28, 1998 site plan approval. . . ." Clifford argues that because he is not appealing the 1998 decision, his standing to appeal that decision is irrelevant. "The references to the 1998 approval are merely to provide the court with [a] factual basis for the plaintiff's claim that the zoning commission acted erroneously in granting the application of the defendant on August 27, 2001." Clifford also concedes that "[t]o the extent that paragraph 7(d)(3) refers to voiding the 1998 decision, the plaintiff aqrees that this court has no jurisdiction to so act. The plaintiff has not requested such action in his request for relief."
Complete's motion to dismiss is not be granted on the grounds of timeliness, standing, or exhaustion of administrative remedies. In ruling upon a motion to dismiss, the court must take the facts to be those alleged in the complaint. Here, the record and complaint indicate that CT Page 5584 Clifford's appeal is a timely appeal of the commission's August 27, 2001 approval of Complete's site plan application. Whether Clifford has standing to appeal the commission's June 29, 1998 approval of another site plan application, or failed to exhaust administrative remedies relating to that decision, is irrelevant because Clifford is not appealing that decision.
 B
Complete also asserts that the court lacks jurisdiction to hear Clifford's appeal on the ground that the commission's approval of Complete's site plan application was only "advisory" and that, pursuant to § 29-349, the department of public safety fire marshal's office "has exclusive jurisdiction with respect to explosives and blasting agents. . . ." Clifford counters that § 29-349 deals only with safety and licensing issues relative to the storage and use of explosives and does not purport to preempt the authority of local zoning commissions to determine the appropriate use of land within its borders. Clifford further argues that "[o]nce [Complete] applied for approval and the zoning commission acted, that action is subject to the statutory right to appeal provided in [§] 8-8."
Complete fails to cite a single statute or case to support its claim that § 29-349 preempts local zoning boards from deciding whether, or where, to permit the use and storage of explosives. Indeed, in Toffolonv. Zoning Board of Appeals, 155 Conn. 558, 562-63, 236 A.2d 96 (1967),[3]
our Supreme Court emphasized: "[General Statutes §§ 29-344 to 29-349] are intended to regulate the manufacture, sale, storage, transportation or use of explosives and to minimize the danger to persons and property from the improper storage and use of explosives. . . . They regulate, not every type of explosive, but only those defined. . . . [They do] not control the power of a municipality to determine by zoning regulations the areas of a town within which the manufacture of explosives may be prohibited." Id. Complete's motion to dismiss is not be granted on the ground that § 29-349 preempts the power of local zoning commissions to regulate land use in their towns.
 C Amended Appeal
Complete also moves for dismissal on the ground that Clifford filed an untimely amended appeal. A motion to dismiss, however, is not the proper procedural vehicle for such a claim. The grounds which may be asserted in a motion to dismiss are lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process and CT Page 5585 insufficiency of service of process. See Practice Book § 10-59.[4]
 CONCLUSION
For the foregoing reasons, Complete's motion to dismiss is denied.
The Court
By ____________________ Holden, J.